## JOHANNA LENNAHAN

*v.*

## MARY O'KEEFE et al.

*Filed at Ottawa November 20, 1883.*

1. ALIMONY—*power of court to declare its termination.* Under the statute the circuit court is invested with ample power to declare the termination of all alimony decreed to a wife on divorce, upon the occurrence of facts reasonably justifying such declaration, such as the death of the husband.

2. So where, after a decree of divorce, the husband (the defendant) was required to pay his wife $400 per annum, payable semi-annually, as alimony, "until the further order" of the court, and after his death his widow filed her bill for the assignment of dower in his lands, and for partition, he leaving no children, and the administratrix of his estate also filed a cross-bill making the widow, and the intestate's heirs at law, and the claimants of liens on the real estate, defendants, praying for an account of the debts against the estate, etc., that dower be assigned to the widow, that her decree for alimony be modified or cancelled, and for partition, the court, on the hearing, entered a decree giving the widow dower, and declaring that her alimony ceased at the death of her husband; and ordered partition among the heirs: *Held,* that under the reservation in the decree giving alimony, as well as under the statute, the court was authorized to declare the alimony terminated, and that there was no error in so ordering.

3. SAME—*terminates on death of husband.* In the absence of language in a decree giving a wife alimony, showing, unequivocally, an intention to bind the heir of the husband after his death, the allowance of alimony will terminate with the life of the defendant. It can not be presumed that the payment of alimony is made a charge upon the heir; but that fact, if it exists, must affirmatively appear.

4. DOWER—*in property leased—from what time rents set off.* On bill for the assignment of dower, the court, in decreeing the dower, ordered that the proper proportion of the rents be set off to the dowress from the date of the decree: *Held*, error, as she should have such rents from the filing of her bill; but as this could be corrected in the court below in finally adjusting the accounts of the parties, the decree was not reversed for this error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of White-side county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. J. E. McPHERRAN, and Mr. C. J. JOHNSON, for the appellant:

The view that ·the alimony of appellant abated on the death of John Lennahan is not supported by equitable reasons. But does it, as a matter of law, cease at the husband's death?

In *Dinet* v. *Eigenmann*, 80 Ill. 275, it is held that a sum awarded to a wife after divorce becomes a debt from her former husband, and upon her death before payment thereof the sum due her passes to her legal representatives. See, also, *Miller* v. *Clark*, 23 Ind. 870.

The statute authorizes such alimony as, may be just and proper, and it can not be unjust and improper to compel a husband whose wife has been driven from her home by his cruelty, and defilement of the marriage bed, to provide her a suitable support for the remainder of her life, instead of permitting him to dispose of the property to strangers at his death, leaving her entirely destitute. *Burr* v. *Burr*, 10 Paige, 20.

In some of the States, as in New York, the courts hold that where a divorce *a vinculo* is granted for the fault of the husband, the alimony should continue to the wife for and during her natural life. *Miller* v. *Miller*, 6 Johns. Ch. 93; *Barrere* v. *Barrere*, 4 id. 187; *Pickford* v. *Pickford*, 1 Paige, 274.

The Supreme Court of Illinois has not expressly passed upon this question in any case reported. It has held, however, in cases where there was no evidence that the wife brought any money to her husband at marriage, or where the parties to the suit had agreed to the decree, but simply where the wife had, by her labor and industry, contributed materially to the acquisition of property, that it was proper to award alimony in gross, and to make it payable in several installments within a short period. *Dinet* v. *Eigenmann*, 80 Ill. 274; *Draper* v. *Draper*, 68 id. 17; *Plaster* v. *Plaster*, 47 id. 290; *Robbins* v. *Robbins*, 101 id. 417.

It was also held that it was not error for the circuit court, in decreeing a divorce at the suit of the wife, to assign to her, as alimony, a part of the real estate of the husband. *Armstrong* v. *Armstrong*, 35 Ill. 109; *Ross* v. *Ross*, 78 id. 402; *Becker* v. *Becker*, 79 id. 418.

The claim that alimony abates at the husband's death is at variance with the letter and spirit of these decisions.

Messrs. BENNETT & GREEN, for the appellees:

It is assigned for error that the court erred in not assessing the damages for appellant's right of dower from the filing of her bill, and in finding that her alimony abated at her husband's death. In this case no application in the pleadings, or otherwise, was made to have her damages assessed. Besides, she is in no way injured, as the decree orders the land sold and the proceeds to be brought into court for distribution. Before that is done she can have her damages ascertained.

It has been many times held by this court that under proper circumstances, as, when the wife brought a considerable amount of property to the husband at the time of the marriage, which had been included in property held by him at the time of the divorce, that real estate, personal property, or a sum of money in gross, should be given her in

satisfaction of all her claims against her husband. (*Ross* v. *Ross*, 78 Ill. 402.) And undoubtedly the same course might properly be pursued when the entire property of the husband consisted of personalty, or the circumstances of the case indicated that the payment of a yearly allowance might be wrongfully withheld or delayed. (*Burr* v. *Burr*, 10 Paige, 20.) But in all other cases the court has held that an allowance, payable at short and regular intervals, is the proper practice. *Von Glahn* v. *Von Glahn*, 46 Ill. 134; *Ross* v. *Ross*, 78 id. 402.

It is true that in several instances the allowance has been fixed for the period of the life of the divorced wife, but in such cases it has usually, in this State, been so decreed in lieu of the dower interest held by her in the husband's real estate. *Becker* v. *Becker*, 79 Ill. 532.

The alimony in this case is not in lieu of dower, nor is the allowance ordered to extend for appellant's life, nor is a judgment for a fixed sum in lieu of alimony. *Plaster* v. *Plaster*, 47 Ill. 290.

Alimony, strictly defined, is "a provision for the support of the wife, to continue during the joint lives of the parties." 2 Bishop on Marriage and Divorce, sec. 351; *Wallingford* v. *Wallingford*, 6 Har. & J. 485; *Parsons* v. *Parsons*, 9 N. H. 309; *Wooldridge* v. *Lucas*, 7 B. Mon. 49; *Clark* v. *Clark*, 6 Watts & S. 85.

Such alimony can not be ordered for the term of the wife's life, because it is a maintenance to her, while the husband's duty to maintain her ceases at his death. 2 Bishop on Marriage and Divorce, (6th ed.) sec. 428; *Lockridge* v. *Lockridge*, 3 Dana, 28.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

By a decree of the circuit court of Whiteside county, rendered on the 22d of June, 1881, Johanna Lennahan was divorced from her husband, John Lennahan, for his fault,

and allowed alimony. Afterwards, on the 15th of June, 1882, he died intestate, leaving no child or children, but only certain collateral relatives surviving him as his heirs at law. The original bill in the present case was filed by the widow, Johanna, against those heirs at law and certain claimants of liens, for the assignment of dower, and for partition. Mary O'Keefe, one of the heirs at law of Lennahan, and administratrix of his estate, filed her cross-bill in the case, making Johanna Lennahan, the other heirs at law, and the claimants of liens upon the real estate, defendants, praying for an account of the debts against the estate, etc., that dower be assigned to Johanna, that her decree for alimony be modified or cancelled, and for partition. Issues were made on the allegations of these bills, the cause was heard by the court, and a decree rendered declaring that Johanna was endowed of a third part of the lands; that the heirs at law were entitled to designated interests, subject to mortgage liens, unpaid alimony due Johanna, and the debts of the decedent; that the alimony decreed to Johanna ceased at the death of her husband, and that the lands were discharged from that lien, except in so far as there was unpaid alimony which had accrued in the lifetime of Lennahan. Commissioners were appointed to assign dower and make partition in accordance with the decree. The commissioners subsequently reported, after assigning dower to Johanna in certain property particularly described, that the lands were insusceptible of division. The court confirmed this report, and, among other things, decreed that Johanna have the proper proportion of the rent of the premises set off to her as her dower, from the date of the decree, etc. On appeal to the Appellate Court for the Second District the decrees of the circuit court were affirmed, and this appeal is from that affirmance.

The first and most important question discussed in the briefs before us is, did the court err in decreeing that the alimony ceased upon the death of Lennahan?

The decree allowing the alimony is in these words: "It is ordered, adjudged and decreed by the court, that the defendant pay to the complainant the sum of $400, annually, for each and every year, commencing from the date hereof, payable as follows, to-wit: the sum of $50 in forty days from date hereof, the sum of $66.66 on the first day of January, 1882, and from and after January, 1882, until further order of this court, the said defendant shall pay to said complainant, on July 1, 1882, the sum of $200, and on the first day of January, 1883, the sum of $200, and a like sum of $200 on the first day of January and on the first day of July of each year." A further provision authorizes the issuing of execution for installments in arrears, and makes the decree a lien on the real estate.

It will be observed this allowance is, by the express terms of the decree, only "until further order of this court." Our statute provides: "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife  *   *   *   as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just, and in case the wife be complainant, to order the defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court. And the court may, on application, from time to time, make such alterations in the allowance of alimony  *   *   *   as shall appear reasonable and proper." (Rev. Stat. 1874, chap. 40, sec. 18.) This would seem to invest the court with ample power to declare the termination of all alimony, upon the occurrence of facts reasonably justifying such a declaration.

We are of opinion that neither this section nor the reservation in the decree is consistent with the position contended for by counsel for appellant,—that upon the death of Lennahan the control of the court over the question of alimony

ceased, and the decree became thereafter absolute against the estate during the life of appellant. The fact, alone, of the death of the defendant, in many instances would be a most cogent reason for the interposition of the court to change the terms of such a decree. We have held the court may, under proper circumstances, make an allowance for alimony once for all, and, also, that real estate may be decreed absolutely to the complainant, but that neither of these is justifiable only under exceptional circumstances, which have been pointed out. But that is not the question here. Here the payment of alimony is ordered to be made in installments, and the right of revision of the question is expressly reserved, and the only question is, what effect has the death of the defendant upon such a decree? In the absence of language showing, unequivocally, that the intention was to bind the heir by such a decree, we are of opinion that it does not do so, but that its life terminates with the life of the defendant.

By the English law, alimony was but an allowance during the joint lives of the husband and wife, or so long as they should live separately. (*Wallingford* v. *Wallingford*, 6 Harris & Johnson, 438; *Lockridge* v. *Lockridge*, 3 Dana, 28; *Clark* v. *Clark*, 6 Watts & S. 85; 1 Blackstone's Com. 441.) And, notwithstanding alimony in this country is, generally, the allowance made to the wife out of the husband's estate after a decree of divorce *a vinculo matrimonii*, and is, by statute, in many respects modified from what it was in case of divorce *a mensa et thoro*, in England, we know of no case in which it has been held to be a debt continuing after the death of the husband against the heir, but directly the contrary was held in *O'Hagan* v. *Executors of O'Hagan*, 4 Iowa, 509, and, as we think, upon sufficient reason. Bishop, in his work on Marriage and Divorce, (6th ed.) sec. 428, says: "So, by the unwritten rule, alimony can not be ordered for the term of the wife's life, because it is a maintenance to her, while the husband's duty to maintain her ceases at his death."

Granted that, under our statute, the power of the court to allow alimony is broader than it was in England, still, until the power is exercised by the court its mere existence is, to the present question, unimportant, and when it is exercised it must and can only be through its decree, and the decree must, upon its face, show the extent to which the court has exercised, or assumed to exercise, such power. The question in such case is, simply, does the decree, by its terms, charge the payment of the alimony upon the heir? We can not presume that it does so. The fact, if such it is, must affirmatively, and as we have before observed, unequivocally, appear. Being of opinion that no such order has been made, it follows the conclusion of the court below in that regard was right. We may add, that it would require an extraordinary case to justify the postponement of creditors and heirs to the payment of both dower and alimony, currently, during the life of the divorced wife. In very many cases such an order would be equivalent to an entire appropriation of the husband's estate.

We are of opinion, however, the court below erred in decreeing that the proper proportion of the rents be set off to her from the date of the decree. It should have been from the date of filing her bill. But this may be corrected by the future decree of the court in finally adjusting the accounts of the parties in interest, without a reversal of the cause. That modification and correction in the decree below will be so made, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*