### Florence M. Hazard, Appellee, v. Nathaniel T. Hazard, Administrator, Appellant.

### Gen. No. 21,826.

1. DIVORCE, § 93*—*what is basis for right to alimony.* The right of a wife to alimony depends on the existence of a valid marital relation between the parties.

2. DIVORCE, § 113*—*when right to alimony ceases.* If the marital relation is broken by the death of the husband, the wife's right to alimony ceases.

3. DIVORCE, § 93*—*when suit for alimony not maintainable.* If the marital relation is dissolved by a decree of divorce, the former wife cannot maintain a suit for alimony.

4. DIVORCE, § 135*—*what is basis for order for solicitor's fees.* An order for solicitor's fees to a wife must rest primarily on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

existence of the relation of husband and wife, and unless the parties sustain that relation there is no basis for the order.

5. MARRIAGE, § 29*—*when allowance to maintain suit to annul marriage denied.* In an action brought by the wife to annul a marriage for a cause going to the original legality of the marriage, her allegations will be taken against her as true, and an allowance to her to maintain the action will be denied.

6. DIVORCE, § 135*—*when allowance to maintain proceeding to set aside decree of divorce improper.* An allowance cannot be made to a wife to maintain a proceeding to set aside and vacate a decree of divorce valid on its face.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1915. Order reversed. Opinion filed January 31, 1916.

ALBERT CHANDLER, C. M. CLAY BUNTAIN and CLAYTON W. MOGG, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

William Hazard filed in the Circuit Court September 26, 1910, a bill for divorce against his wife, the appellee here, on the ground of desertion. Service was had by publication. Defendant was defaulted and December 3, 1910, a decree was entered dissolving the bonds of matrimony between the complainant and defendant in that suit. December 8, 1914, appellee filed a bill of review in the Circuit Court, alleging that William Hazard died February 3, 1914, and making the appellant here, the administrator of his estate, the defendant. January 14, 1915, the court entered an order directing that defendant as administrator of William Hazard pay complainant fifty dollars per month as alimony *pendente lite* and seventy-five dollars on account of her solicitor's fees.

Counsel for appellant have favored us with an ex-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

haustive and able brief and argument. Two grounds of reversal are urged: First, that the marriage relation had been dissolved by a decree of divorce granted to the husband, and therefore the former wife could not be awarded alimony *pendente lite;* and second, that the marital relation, if not dissolved by the decree of divorce, was dissolved by the death of the husband, and with his death the wife's right to alimony ceases.

The right to alimony depends on the existence of a valid marital relation between complainant and defendant. *McKenna v. McKenna,* 70 Ill. App. 344; *Lennahan v. O'Keefe,* 107 Ill. 620.

In the case last cited, Mr. Justice Schofield said:

"By the English law, alimony was but an allowance during the joint lives of the husband and wife, or so long as they should live separately. *(Wallingford v. Wallingford,* 6 Harris & Johnson, 438; *Lockridge v. Lockridge,* 3 Dana, 28; *Clark v. Clark,* 6 Watts & S. 85; 1 Blackstone's Com. 441.) And, notwithstanding alimony in this country is, generally, the allowance made to the wife out of the husband's estate after a decree of divorce *a vinculo matrimonii,* and is, by statute, in many respects modified from what it was in case of divorce *a mensa et thoro,* in England, we know of no case in which it has been held to be a debt continuing after the death of the husband against the heir, but directly the contrary was held in *O'Hagan v. Executors of O'Hagan,* 4 Iowa, 509, and, as we think, upon sufficient reason. Bishop, in his work on Marriage and Divorce, (6th ed.) sec. 428, says: 'So, by the unwritten rule, alimony can not be ordered for the term of the wife's life, because it is a maintenance to her, while the husband's duty to maintain her ceases at his death.'"

If the marital relation is broken by the death of the husband, the wife's right to alimony ceases. *Lennahan v. O'Keefe, supra; Swan v. Harrison,* 2 Cold. (42 Tenn.) 534; *O'Hagan v. O'Hagan's Ex'r,* 4 Clark (Iowa) 509; *Maxwell v. Sawyer,* 90 Wis. 352.

If the marital relation has been dissolved by a de-

cree of divorce, the former wife cannot maintain a suit for alimony. *Chapman v. Parsons,* 66 W. Va. 307. In *Lake v. Lake,* 194 N. Y., it was said, page 185:

"An order for solicitor's fees must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties, there is no basis for the order. Even in an action brought by the wife to annul a marriage upon a cause which goes to the legality of the marriage originally, the allegations of the wife will be taken against her as true, and an allowance to her to maintain the action will be denied."

In *Wilson v. Wilson,* 49 Iowa 544, which was a proceeding to set aside and vacate a decree of divorce, it was held that there was no authority to order the payment of money to carry on the suit in the face of a decree of divorce which seemed to be valid.

The order of June 14, 1915, directing defendant as administrator of the estate of William Hazard to pay complainant, Florence M. Hazard, fifty dollars per month alimony *pendente lite* and seventy-five dollars as her solicitor's fees, is reversed.

*Order reversed.*