## Louis G. Coleman, Appellant, v. Theodore K. Coleman, Appellee.

### Term No. 50M3.

Heard in this court at the May term, 1950. ▮▮▮▮▮▮ Opinion filed September 20, 1950. Released for publication October 20, 1950.

KENNETH E. PEARCE, of Carmi, and CURTIS E. HILL, of Dallas, Texas, for appellant.

TOWNSEND & TOWNSEND, of Mt. Carmel, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

On August 6, 1948, the circuit court of Wabash county entered a decree granting a divorce to the plaintiff against defendant. Plaintiff and defendant had previously entered into a property settlement and alimony agreement a copy of which was attached to and made a part of the final decree. The final decree then ordered the defendant to pay the plaintiff alimony in the sum of $12,000, payable in installments as follows: $1,000 within ten days from the entry of the decree and $500 upon the first day of January and the first day of July of each year thereafter, beginning in the year 1949, up to and including July 1, 1959. On September 18, 1948, the plaintiff was married to one R. T. Ray. On June 17, 1949, the defendant filed his petition to modify the decree alleging the marriage of the plaintiff and asking that all future payments provided for by the decree be cancelled. Plaintiff filed an answer to the petition and thereafter an amended answer and defendant filed a reply. The case was heard by the court and the court granted the prayer of the petition and ordered that the former decree of divorce be modified to the extent that the defendant be relieved and discharged from any and all liability to make payments of alimony required in the said decree. From this order, plaintiff brings her appeal to this court.

Plaintiff's principal contention is that the amounts required to be paid by the defendant in pursuance to said decree and property and alimony settlement represented property settlement and not alimony, and, therefore, did not come within the purview of section 18 of the Divorce Act [Ill. Rev. Stat. 1949, ch. 40, par. 19; Jones Ill. Stats. Ann. 109.186] which provides that a party shall not be entitled to alimony after remarriage.

The agreement between the parties which became attached to and merged in the decree, by its paragraphs

463

numbered one to seven, inclusive, and numbers nine and ten, provided for certain disposition of property rights, including the personal belongings of the wife, a certain insurance policy, a sale to the husband of the wife's interest in some popcorn machines, and an agreement as to the payment of income taxes and division of a bank account as between the husband and wife. Paragraph 9 provided for the release and relinquishment by the plaintiff of certain property and paragraph 10 provided that in consideration of the execution of the agreement each of the parties waived all right, title, and interest in and to all property of the other party, both real and personal, and waived and released to each other any and all further claims or rights to support or maintenance.

Paragraph 8 of the agreement reads as follows:

"The Husband will pay to the Wife, as alimony, the sum of Twelve Thousand Dollars ($12,000.00), the same to be payable in installments as follows: One Thousand Dollars ($1,000.00) in the year 1948 and within ten days from the entry of any decree granting a divorce to the Wife in the cause hereinbefore mentioned, and Five Hundred Dollars ($500.00) upon the first day of January and a like sum on the first day of July of each year hereafter, beginning with the year 1949, up to and including July 1, 1959."

Paragraph 11 of the agreement is as follows:

"It is specifically understood and agreed that in the event of the death of the Husband prior to the death of the Wife, any amount which shall be unpaid upon the above mentioned sum of Twelve Thousand Dollars ($12,000.00) shall be paid out of the estate of said Husband, said payments, however, not to become accelerated by reason of said Husband's death but said amount shall constitute a lien against said Husband's estate. It is further agreed that in the event of the death of said Wife before the said Husband, or after

464

said Husband's death, said payments shall continue as above provided and be payable to the heirs at law of said Wife.''

Paragraph 12 of the agreement provided that the agreement was executed in triplicate and should be binding upon the heirs, administrators, and executors of the parties. The agreement was entitled ''Property Settlement and Alimony Agreement.'' The decree of divorce entered by the court included the following provisions which were material to the agreement entered into between the parties:

### Par. 6

''The court further finds that a Property Settlement and Alimony Agreement has been entered into between the parties hereto which is fair, reasonable and proper, a copy of said Agreement being attached to this decree and made a part hereof.''

### Par. (b)

''That the Property Settlement and Alimony Agreement attached to and made a part of this decree and entered into between the parties hereto be and the same is confirmed.''

### Par. (f)

''In accordance with said Agreement hereto attached each party is hereby forever barred of any and all right, title, claim and interest in and to the property, both real and personal, of the other, including the right of dower and homestead.''

### Par. (g)

''Pursuant to said Agreement attached hereto and made a part of this decree, it is further ordered by the court that the Defendant, Theodore K. Coleman, pay to the Plaintiff, Lois G. Coleman, alimony in the sum of Twelve Thousand Dollars ($12,000.00), payable in

installments as follows: One Thousand Dollars ($1,000.00) in the year 1948 and within ten days from the entry of this decree and Five Hundred Dollars ($500.00) upon the first day of January and a like sum on the first day of July of each year hereafter, beginning with the year 1949, up to and including July 1, 1959."

It is the contention of the plaintiff that the clause of the provision in paragraph 11 of the Property Settlement and Alimony Agreement which reads as follows: "It is further agreed that in the event of the death of said Wife before the said Husband, or after said Husband's death, said payments shall continue as above provided and be payable to the heirs at law of said Wife" is entirely inconsistent with any theory of alimony and that, therefore, the lower court and this court should construe the payment of $12,000 as a property settlement and not a provision for alimony.

The lower court did not agree with this contention nor do we. In the first place, it should be noted that the agreement is entitled "Property Settlement and Alimony Agreement," thus indicating at the very beginning that the parties were settling both property rights and alimony. In the second place, paragraph 11 of the agreement does not contain any wording that would indicate the provision for $12,000 was a settlement of property rights. In paragraph 8 the $12,000 is designated "as alimony." Other parts of the agreement deal exclusively with property rights. In the third place, the decree of divorce which was probably drawn by plaintiff's attorney and undoubtedly approved by her attorney, in the paragraph (g) above quoted, orders the defendant to pay to the plaintiff "alimony" in the sum of $12,000. Reviewing the whole agreement and the decree entered by the court, it seems to us quite clear that the $12,000 ordered paid by the defendant under paragraph (g) of the decree was a payment of alimony and not a settlement of any prop-

erty rights. The clause in paragraph 11 of the agreement above quoted was an attempt by the parties to extend the alimony payments in spite of the contingency of death of either or both parties and perhaps in spite of the remarriage of the plaintiff. However, under the authority of the case of *Adler v. Adler*, 373 Ill. 361, the agreement in this case became incorporated and merged in the decree and, therefore, the payment of alimony became subject to the statutory provisions and to the further power of modification by the court under the terms of the statute. The decree of divorce and the remarriage of the plaintiff and the petition for modification all transpired before the 1949 amendment by the legislature to said section 18 of the Divorce Act, ch. 40, par. 19, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.186]. Therefore, the 1949 amendment to the act is not before us and not considered. *New York Life Ins. Co. v. Murphy*, 388 Ill. 316.

 Under the facts of this case, we think the lower court had no discretion to do anything other than modify the decree in accordance with the petition for modification.

 Plaintiff also assigns as error the refusal of the lower court to allow her attorneys' fees and expenses. These items were set forth and requested by the amended answer to defendant's petition to modify. The replication filed by the defendant denied that the plaintiff was entitled to any fees or expenses and also denied that the amount requested was reasonable. On the hearing of this case below, the plaintiff introduced no evidence and offered no evidence on this phase of the case. The court specifically ordered that the plaintiff's request for attorneys' fees and expenses be denied. Having no evidence before him to substantiate the request or claim of the plaintiff, the chancellor could not have done otherwise than to deny the request.

For the reasons stated the decree of the lower court granting the petition to modify the former divorce decree is affirmed.

*Decree affirmed.*

SCHEINEMAN, P. J., and CULBERTSON, J., concur.