**Ethel A. Cooper, Plaintiff-Appellant, v. Estate of John Maurice Cooper, Defendant-Appellee.**

Gen. No. 10,627.

Opinion filed March 26, 1953. Released for publication April 13, 1953.

SHAPIRO & LAURIDSEN, of Kankakee, for appellant.

GOWER, GRAY & GOWER, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On November 21, 1945, Ethel A. Cooper and John M. Cooper were divorced by a decree entered in the Second Judicial Court of the State of Nevada. The decree awarded to Ethel A. Cooper the custody of their two minor children and directed John M. Cooper to pay her the sum of $50 per month for each child during their minority, but during such time as said minor children, or either of them were in her actual custody. The payments under this decree were made up to and including February 1, 1947.

On March 29, 1950, John M. Cooper, Jr., was then sixteen years of age and the other son, Richard R. Cooper, was twelve years of age. John M. Cooper, Sr., died and left a last will and testament which was admitted to probate in the county court of Kankakee county, Illinois. Ethel Cooper filed a claim against the estate of John M. Cooper, Sr., which consisted of six items and aggregating the sum of $17,625.46. Prior to the hearing, all of the items were withdrawn, with the exception of the second, which was for money due

38

for the support of the children to the date of filing the claim, and for money to become due for the support of the two children until they reach their majority. Upon a hearing in the county court, the claim was allowed in the sum of $1,850 based upon a decree ordering the payment of $50 per month for Richard R. Cooper from February ·1947, to March 29, 1950, the date of the death of John M. Cooper, Sr. The court did not allow the claim in any part·for the support of John M. Cooper, Jr. Upon an appeal to the circuit court, a like order was entered and the claimant, Ethel A. Cooper, has perfected an appeal from that order to this court.

After the divorce decree was procured, John M. Cooper, Sr., remarried and John M. Cooper, Jr., on or about the 1st of February 1947, started to reside with his father and stepmother and continued to do so until the father's death. Since his father's death he has continued to reside with his stepmother. Richard R. Cooper has at all times since February 1947, resided with his mother.

■ The question presented for our determination is whether or not the payments coming due after the death of the father, for the support and maintenance of the two minor sons, as ordered in the decree of the divorce and during the minority of the two children, is a proper claim against the father's estate. Both the appellant and appellee in their printed brief and argument, have devoted much space to the terms of the will of John M. Cooper, Sr. We do not think it is material to the correct determination of this case what the provisions of the Cooper will are.

■ Both the appellant and appellee have cited numerous cases as sustaining their point in this litigation, some from foreign jurisdiction and others from our Supreme and Appellate Court. The law pertaining to alimony, custody and support of children in

this State is statutory, and the provisions for the same are contained in the same sentence of the statute, so that our legislature must have considered the law applicable to alimony and support of children on an equal basis.

In the early case of *Lennahan v. O'Keefe*, reported in 107 Ill., page 620, a widow was attempting to enforce the payment of alimony against the estate of her deceased husband. The court in discussing this question uses this language: "Here the payment of alimony is ordered to be made in installments, and the right of revision of the question is expressly reserved, and the only question is, what effect has the death of the defendant upon such a decree? In the absence of language showing, unequivocally, that the intention was to bind the heir by such a decree, we are of opinion that it does not do so, but that its life terminates with the life of the defendant." This case has been followed frequently in other cases by our Supreme and Appellate Courts. *Craig v. Craig*, 163 Ill. 176; *Walters v. Walters*, 341 Ill. App. 561; *Kelley v. Kelley*, 317 Ill. 104; *Hazard v. Hazard*, 197 Ill. App. 612.

The case of *Lennahan v. O'Keefe, supra*, was cited with approval by the Supreme Court of Nebraska, in the case of *Masters v. Masters*, 155 Neb. 569, 52 North Western Reporter, second series, page 802. The syllabus of the case is written by the court and is as follows: "1. The right to receive alimony, payable in monthly installments, and the corresponding duty to pay it, being personal, are generally considered as terminating on the death of either of the parties, where no statute to the contrary exists and the judgment or decree is silent on the subject. 2. A judgment for alimony in general terms requiring payments of $50.00 a month, until further order of the court, terminates on the death of the husband, where there are no directions

40

or circumstances indicating an intent to provide for payments after his death."

An examination of the cases cited by the appellant reveals they are not based upon the decree itself, but on a contract entered into between the parties. In the present case the decree makes no mention of any contract between the parties, or that the decree should be a lien on any of the defendant's property to guarantee the payment of the alimony.

█ It will be noted in the *Masters v. Masters* case, *supra,* that it says: "The right to receive alimony, payable in monthly installments, and the corresponding duty to pay it, is personal," etc. A decree for alimony is a personal decree against the person who is obligated to pay it, and one is commonly designated as a "Decree in personam." Webster's Unabridged Dictionary describes such a decree as being "against a particular person used to describe an enforceable order against a definite person or persons," as "against the person as distinguished from things." This decree was a personal decree against the defendant and did not affect his estate.

The law is well stated in the case of *Robinson v. Robinson,* 131 W. Va. 160, where the court said: "In the first place, under our system of law, and going back to the common law, the obligation of a father to support his child during its minority is firmly fixed; but no one will contend that such obligation creates a lien against his estate. On his death, the only right in his estate possessed by a child is the right of inheritance under statutes existing at that time . . . A decree against a father for maintenance and support, adds nothing to his obligation to support his children during their minority; it only provides for the enforcement of such duty. . . . We know of no instance where a lien can be created against the estate of a per-

41

son after his death. Death draws the line, and estates are settled and distributed according to the situation then existing."

 There is no dispute that the father was liable for the support and maintenance of these two minor children until they reached their majority, but we find no law that compelled the father to make provision for the support and maintenance of his minor children after his decease. While it usually is done if the father is financially able to do so, there is no legal obligation for him to do it. By his will, John M. Cooper, Sr., created a trust, the income therefrom to be divided equally between his two sons and his second wife. If he desires he can will his entire estate to strangers, provided he is competent of making a will at the time. It is not material to the issues in this case, but it seems to us that Mr. Cooper made an equitable distribution of his estate in his will and while it shows that he and the mother of his children were not on friendly terms, he was in his rights in making the will that he did.

 It is our conclusion that the court properly held that Mrs. Cooper was only entitled to the sum of $1,850 for the support and maintenance of the son, Richard Cooper, who made his home with her. The judgment of the circuit court of Kankakee county is hereby affirmed.

*Judgment affirmed.*