William T. Kramp, Plaintiff-Appellant, v. Dorothy B. Kramp, Defendant-Appellee.

Gen. No. 9,919.

Opinion filed March 9, 1954. Released for publication March 25, 1954.

C. VICTOR CARDOSE, of Springfield, for appellant; ANTHONY J. MANUELE, of Springfield, of counsel.

JOHN W. CURREN, and SIMON L. FRIEDMAN, both of Springfield, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

On December 12, 1951, William T. Kramp, now deceased, was divorced from Dorothy B. Kramp, defendant-appellee, by a decree of the circuit court of Sangamon county.

The court awarded custody of the three minor children of the parties to the defendant, subject to the right of reasonable visitation on the part of the father. No provision was made in the decree for the support of

said children. Indicating an intention by the court to reserve the subject of child support for further consideration, the decree contains the following: "It is further ordered, adjudged and decreed by the Court that the question of property settlement and support for said children is hereby reserved by the Court."

Plaintiff, William T. Kramp, died on March 6, 1952. On September 10, 1952, the cause was re-docketed and on January 13, 1953, the defendant filed her petition to modify the decree of December 12, 1951. In this petition the defendant alleges that at the time of the entry of the divorce decree the parties were the owners in joint tenancy of certain improved real estate; that the defendant and minor children of the parties were then occupying said real estate; that subsequent to the entry of the decree the plaintiff conveyed the said premises to one Grace Davis, who in turn conveyed the same to Katherine E. Kramp; that the plaintiff died leaving an estate of less than $1,000; and that defendant is without adequate security with which to support the minor children and to provide them with proper and adequate housing. The prayer of the petition is that the court modify the decree previously entered by providing a reasonable allowance for the support of the defendant's minor children and making such allowance a lien on the real property of William T. Kramp, deceased, or in the alternative to provide a lump sum for the support of said children.

On January 20, 1953, the court, after denying a motion to dismiss said petition, allowed the same and entered an order which is referred to in the record as an amended decree modifying the divorce decree of September 12, 1951.

From the amended decree it appears that the court, after making findings consistent with the allegations of the petition, decreed the deeds of conveyance to the real estate involved from William T. Kramp to Grace

Davis and from Grace Davis to Katherine E. Kramp to be null and void and ordered that said deeds be set aside.

This appeal is from the aforesaid order.

The general proposition presented by this review is as to the power of a court after the death of one of the parties to a divorce action to amend the decree by providing for an allowance for child support and making payment thereof a charge or lien upon the deceased party's estate. Before proceeding to a consideration of the above question, it seems pertinent that an observation be made as to the result accomplished in the instant case by the amended decree. An examination thereof discloses that it makes no provision for the support of the minor children. It merely decrees to be null and void and sets aside certain deeds of conveyance to the real estate formerly owned by the defendant and her then husband. It would, therefore, appear that the only effect resulting from such amended decree would be to invest in the defendant the interest of her former husband and co-tenant in the real estate described in said conveyances.

However, since the purpose of the petition was to obtain an allowance from the deceased plaintiff's estate for the support of the minor children, it must be assumed that in setting aside the said deeds the trial court intended to make such an allowance.

██ Under the divorce statute (paragraph 19, chapter 40, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 109.186]), the power of the court to make orders requiring the payment of child support is the same as its authority relative to alimony. Therefore, it must be said that in cases involving the allowance of child support the law applicable thereto is the same as that concerning alimony payments.

██ It is the law in Illinois that where the divorce decree provides for the payment of alimony in monthly

20

installments, in the absence of some special provision relative thereto, the duty to make payments thereunder ends with the death of either party. *Lennahan v. O'Keefe,* 107 Ill. 620; *Craig v. Craig,* 163 Ill. 176; *Walters v. Walters,* 341 Ill. App. 561.

In the very recent case of *Cooper v. Cooper's Estate,* 350 Ill. App. 37, the court was confronted with the same basic legal question as is presented on the instant review. In the *Cooper* case the plaintiff sought to enforce payment against her divorced husband's estate for unpaid child-support payments required under a divorce decree. Included in her claim were payments accruing after the death of the father. The Appellate Court, citing *Lennahan v. O'Keefe, supra,* and other cases, held that the death of the father terminated the obligation to make the payments as required by the decree and that the estate was not liable for any payments accruing after his death. The basis of the court's decision in that case was that the divorce decree by which the payments were ordered constituted a personal decree against the defendant and did not affect his estate.

██ Since the original decree in the instant case made no provision for the support of the minor children by the father, the defendant's petition filed after the father's death constituted in effect an effort to enforce a claim against plaintiff's estate for child support unrelated to the divorce decree.

Since the death of the plaintiff rendered it impossible for the trial court to enter any personal decree against him, there could be no basis for granting the relief provided by the amended decree. The defendant has cited no authority which tends to support the argument that the trial court's action in setting aside the deeds in question is warranted under the law relating to divorce actions.

The defendant contends that since in the original decree the questions of property rights of the parties and support for their children were reserved for further consideration the court retained jurisdiction to determine such matters after the death of the plaintiff. *Stafford v. Stafford,* 299 Ill. 438, is cited as a precedent sustaining such contention. From an examination of that case it appears that the question there involved was as to the right of the circuit court to modify its decree relating to the custody of children after the death of one of the parents. The Supreme Court held that such right is expressly reserved to the court by section 18 of the Divorce Act [Ill. Rev. Stats. 1953, ch. 40, § 19; Jones Ill. Stats. Ann. 109.186]. It was likewise held in *Jarrett v. Jarrett,* 415 Ill. 126. In neither of these cases was there any question involved as to the right of a court after the death of one of the parties to a divorce action to modify its decree by entering an order requiring payment of child support by the deceased party's estate. It is, therefore, obvious that these decisions do not aid defendant's argument on the point at issue in the instant case.

██ In numerous cases our Supreme and Appellate Courts have held that by virtue of the Divorce Act [Ill. Rev. Stats. 1953, ch. 40, § 1 et seq.; Jones Ill. Stats. Ann. 109.169 et seq.] the court granting a divorce retains jurisdiction with reference to the support and custody of children during their minority. However, in applying this rule the circumstances existing in a given case must be taken into account. In the instant case, when the defendant's petition was filed, the father was dead and his liability for child support no longer existed. The jurisdiction of the court to deal with the custody of the children continued but any jurisdiction relating to the support of the children terminated with his death.

For the reasons herein indicated, this court concludes that the trial court lacked jurisdiction to grant defendant's petition. The amended decree dated January 20, 1953, is, therefore, reversed.

*Reversed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.