In the Matter of Estate of Frank P. Kuchenbecker, Deceased.
Bertha E. Kuchenbecker, Appellant, v. Estate of Frank P. Kuchenbecker, Appellee.

Gen. No. 46,396.

First District, Third Division.
February 2, 1955.
Rehearing denied February 24, 1955.
Released for publication February 25, 1955.

Eckhart, Klein, McSwain & Campbell, of Chicago, for appellant; John Neal Campbell, and Marie A. Palumbo, both of Chicago, of counsel.

James Thorpe, and George S. Sundheim, both of Chicago, for appellee; Edwin T. Schneberger, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

The claim of Bertha Kuchenbecker against the estate of Frank P. Kuchenbecker, deceased, was dismissed by the probate court, and on appeal to the circuit court there was a like result. The claim was based upon a decree of divorce, providing for monthly payments to claimant for her support and maintenance. The claim was dismissed upon the theory that the right to collect the payments did not survive upon the death of Frank P. Kuchenbecker. Claimant appeals from the order of the circuit court dismissing her claim.

Copies of the decree of divorce and the settlement agreement between the parties were attached to the claim. The decree finds:

"That all property questions and rights of the parties hereto have been settled and agreed upon between them as follows:

"The defendant has agreed to pay to the plaintiff, for the care, support and education of the said child, Lois Frances Kuchenbecker, the sum of $75.00 per month, until she reaches the age of 21 years, or until she marries, if that should occur first; it being acknowledged by the plaintiff that said payments of $75.00 per

month have been received from the defendant for the months of November and December of 1938 and January, 1939.

"The defendant has agreed to pay to the plaintiff the sum of $325.00 per month for her maintenance, clothing and other necessaries, for her sole use and benefit, during the remainder of her natural life, or until such time as she remarries.

"The said defendant has assigned, conveyed and transferred and set over unto the said plaintiff all the household furniture in the residence occupied by her, located at 922 Columbia Avenue, Oak Park, Illinois. Said defendant has caused to be conveyed unto said plaintiff, by good and sufficient deed, the real estate located at 922 Columbia Avenue, Oak Park, Illinois, which is improved with a seven room residence and garage. Said property is encumbered with a mortgage indebtedness of $9500.00, which, together with the insurance, taxes, assessments and repairs, plaintiff has assumed and agrees to pay.

"The defendant has further agreed that he will deliver to plaintiff an insurance policy on his own life, in a responsible company, naming the plaintiff as beneficiary, in the sum of $25,000, payable upon his death, in monthly installments of not less than $325.00 per month, until said policy has paid out, so long, only, as she shall remain single and unmarried. This defendant has agreed to pay the premiums on said insurance policy and to keep said policy in full force and effect."

The decretal part orders defendant (deceased) to pay plaintiff (claimant) the sum of $325 per month, each and every month, commencing December 1, 1938, for her own maintenance, support, clothing and other necessaries, until the further order of the court. The agreement, which is embodied in the decree, provided that said payments of $325 per month shall continue "during the remainder of her natural life, or until such time as she remarries." The decree further orders

defendant to deliver to plaintiff an insurance policy on his own life, in a responsible company, naming plaintiff as beneficiary, in the sum of $25,000, payable upon the death of defendant in monthly installments of not less than $325 per month, until said policy has paid out, so long as said plaintiff shall remain single and unmarried, and ordered defendant to pay the premiums on said insurance policy and keep the same in force, until the further order of the court.

The sole question presented upon this appeal is whether the decree and the agreement of the parties embodied therein clearly disclose an intention to settle all of their property rights; and whether it constitutes a settlement of alimony in gross payable in installments; or whether the decree must be considered as a decree for the payment of alimony only, payable in installments, which ceased upon the death of the defendant.

Until Walters v. Walters, 341 Ill. App. 561, affirmed 409 Ill. 298, was decided, there was considerable conflict in the holdings of our Appellate Courts in this State upon this question. In the Walters case the conflicting authorities are reviewed and distinguished, and the agreement was held to be a property settlement. In that case the decree did not recite the specific items of property disposition entering into the contract of settlement between the parties, but upon the hearing, the parties were allowed to prove what performance had been made of the contract of settlement. The evidence there disclosed that the wife executed quitclaim deeds, assignments, stock powers and other instruments to give effect to the agreement. The agreement in the instant case, as well as the decree, specifically enumerates the items of property settlement making up the *quid pro quo.* It included not only the household furniture but the residence occupied by plaintiff, which was subject to a mortgage of $9,500 and subject to insurance, taxes, assessments and repairs, which plaintiff

317

(claimant) assumed and agreed to pay. It will also be observed that the instant agreement provided for the payments to continue "during . . . her natural life" or until she remarries. There is no limitation in the agreement upon that obligation to pay in the event of defendant's death, which could have been simply expressed had the parties intended such a limitation.

■■ We must gather the intention of the parties from the language of the agreement, as well as the decree, though the agreement is deemed merged in the decree.

This court in the Walters case said (p. 574):

"The parties hereto made the agreement from which their rights are to be determined, and, even though it became merged in a decree, the court may not disregard their intention. Storey v. Storey, 125 Ill. 608; Dowiat v. People for use of Richardson, 193 Ill. 264."

The Supreme Court in that case said (p. 304):

"It is always allowable to look to the interpretation the contracting parties place on their agreement, either contemporaneously or in its performance, for assistance in obtaining its true meaning. No extrinsic aid can be more valuable. Storey v. Storey, 125 Ill. 608, 613."

■ We think that the instant case presents as strong a showing of property settlement, constituting a settlement of alimony in gross, as that appearing in the Walters case. In harmony with the holding of this court and the Supreme Court in the latter case, we are compelled to conclude that the claim in question is a proper one and survived the death of the defendant in the decree.

Accordingly, the order dismissing the claim is reversed and the cause remanded with directions to hear the claim on its merits.

Reversed and remanded with directions.

KILEY, P. J. and LEWE, J., concur.