[Civ. No. 21630. Second Dist., Div. Two. Oct. 24, 1956.]

LOUISE H. GOUTHRO, Appellant, v. E. A. WINSTANLEY, as Administrator, etc., Respondent.

Bachrack & Wilson and Ralph Wilson for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Henry W. Gardett, Deputy County Counsel, for Respondent.

ASHBURN, J.—This action, brought by the divorced wife of Fred H. Gouthro, deceased, against the administrator of his estate, presents the question of whether an award for the wife's support made in an Illinois decree of divorce and therein designated as alimony was in fact an award in gross— gross alimony payable in installments—and therefore an obligation surviving the death of the husband. The trial court gave judgment in favor of defendant and plaintiff appeals.

■ The divorce was granted to the wife (as cross-complainant) on the ground of cruelty on December 26, 1923. Prior to filing of the action the spouses "entered into an agreement as to the disposition of their property rights and the alimony to be paid to the appellant" (quoting agreed statement on appeal). It was merged into the decree, which "finds that the parties hereto have entered into an agreement as to the disposition of their property rights and the alimony to be paid the cross-complainant" (wife). Then follow findings that the agreement provides that two parcels of real property, held jointly, be conveyed to plaintiff; that a certain bank account be retained by her; that another sum of $189 and a Liberty bond be divided equally; "and that *in addition thereto* the said cross-defendant shall pay to the cross-complainant the sum of Fifty dollars ($50.00) per month, payable in two installments of Twenty-five dollars ($25.00) each on the 1st and 15th day of each month, *as and for her alimony*, such payments to be made to the said cross-complainant during her natural lifetime or until she re-marries, in which latter event the said payments shall cease; that the said cross-defendant shall at no time be obliged to pay any further sum or sums of money than the said Fifty dollars ($50.00) per month, by reason of the marital relations heretofore existing between the parties." (Emphasis added.)

As indicated, the foregoing are findings as to the contents of the agreement. The court then disposes of the property pursuant to the agreement and adjudges that *"in addition to the foregoing"* the husband shall pay to the wife the $50 monthly sums as provided in the agreement *"as and for her permanent alimony."* (Emphasis added.) Same to continue "for and during the period of her natural life or until she

re-marries, in which event the said payments shall cease."

Appellant argues that this decree provides for alimony in gross and that the payments continue after the husband's death and until the death or remarriage of plaintiff wife. She relies upon the phrase "for and during the period of her natural life or until she re-marries, in which event the said payments shall cease." It is conceded that the payments cease upon the husband's death if same are mere alimony, but appellant argues that this is an award of "alimony in gross." This presents a question of Illinois law and both sides agree to that.

The trial judge held in the case at bar that the portions of the agreement and the decree relating to wife's alimony "are separable and distinct from those portions of said agreement and said decree, which provides for the disposition of their property rights, and constitute an allowance of periodic payments of permanent alimony to said Louise H. Gouthro, to be construed and dealt with in all respects according to the pertinent law of Illinois applicable to allowance of alimony." We agree.

It is to be noted that the Illinois court finds the agreement to be dual in nature, (1) "the disposition of their property rights" and (2) "the alimony to be paid"; after making appropriate order for division of the property it finds and adjudges that "in addition thereto" the husband shall pay and the wife receive $50 a month "as and for her alimony" and "as and for her permanent alimony." There is no aggregate sum fixed, nor any definite time prescribed for termination of payments. They are to continue "for and during the period of her natural life or until she re-marries, in which event the said payments shall cease." The last quoted phrase is immediately followed by the words, "as and for her permanent alimony." There is no attempt to make the payments binding upon the husband's estate; on the contrary the decree contains a declaration "that the compliance of the cross-defendant with the foregoing provisions of this decree shall be in full and complete settlement and satisfaction of all claims and demands of every kind and character arising out of the marital relations heretofore existing between the said cross-complainant and the said cross-defendant."

Under Illinois law periodic payments of alimony (other than installments of a gross award) cease upon death of the wife or the husband, or upon remarriage of the wife; the legal result flows from the event regardless of silence of

agreement or decree on the subject. (*Walters* v. *Walters,* 341 Ill.App. 561 [94 N.E.2d 726, 729]; *Kramp* v. *Kramp,* 2 Ill.App.2d 17 [117 N.E.2d 859, 860]; *Cross* v. *Cross,* 5 Ill.2d 456 [125 N.E.2d 488, 491].) The distinction between the ordinary modifiable alimony and gross alimony is made clear in *Walters* v. *Walters, supra,* 94 N.E.2d 726, 729: "These and many other Illinois cases hereafter considered indicate that the term 'alimony' bears certain distinguishing characteristics. It is for an indefinite period of time and usually for an indefinite total sum. . . . On the other hand, the phrase 'alimony in gross' or 'gross alimony' is always for a definite amount of money; the payment is always for a definite length of time; it is always a charge upon the husband's estate and has uniformly been held by our courts to be not modifiable." The concurring opinion says, at pages 734-735: "Alimony in gross is a definite, fixed sum for, in lieu of, or in satisfaction of all or a portion of alimony in the usual form of a periodic allowance. . . . The difference between alimony in the usual form of a periodic allowance and alimony in gross is clear. In the latter there is a single award or allowance of an ascertained, fixed sum, payable absolutely and not conditionally or contingently, in a single payment or in instalments, and therefore a vested right in the beneficiary from the entry of the decree. In a periodic allowance of alimony each allowance for a period is separate and distinct from all others, is a mere expectancy which cannot vest until the day of payment, and then only in the event the beneficiary is living." This case was reheard by the Supreme Court, 409 Ill. 298 [99 N.E.2d 342]), which said at page 344 [N.E.2d]: "Recurrently, decrees in matrimonial cases refer to 'alimony in gross' or 'gross alimony.' Most generally these terms are applied to an amount agreed upon or determined in full or in lieu of all alimony and the amount is frequently payable in installments. Most of the confusion in those cases has resulted from a loose application of these terms and the intention of the parties has not been clearly established by the order or decree. . . . We think the rule in this State is that in cases prior to the amendment of 1949, where it clearly appears the order is for support and sustenance of the spouse and the provision therefor is plainly separable and segregable from the property provisions of the contract or decree upon which it is based, the total award, when it is so payable in installments, is modifiable at any time, upon a proper showing. In other words, if it is in fact an allowance for alimony, then

it is modifiable as such, and therefore, before the amendment, remarriage would bar future payments.''

There is no word suggesting a gross award in the decree under discussion. The employment of the word ''alimony'' or the phrase ''permanent alimony'' is ''an indicium of intention'' to make a modifiable and terminable award. (*Maybaum* v. *Maybaum*, 349 Ill.App. 80 [110 N.E.2d 78, 81].) It is said in *Cross* v. *Cross, supra*, (Ill.) 125 N.E.2d 488, 491, that alimony terminates with the death of the husband ''in the absence of special provisions in the decree evidencing an intention to bind the heirs to continue such payments.'' *Cooper* v. *Cooper's Estate*, 350 Ill.App. 37 [111 N.E.2d 564, 566] (quoting *Lennahan* v. *O'Keefe*, 107 Ill. 620): '' 'In the absence of language showing, unequivocally, that the intention was to bind the heir by such a decree, we are of opinion that it does not do so, but that its life terminates with the life of the defendant.' This case has been followed frequently in other cases by our Supreme and Appellate Courts.''

Respondent relies heavily upon *Coleman* v. *Coleman*, 341 Ill.App. 462 [94 N.E.2d 507], a case which is persuasive. There the plaintiff was awarded alimony in the sum of $12,000 payable $1,000 within 10 days from entry of decree, $500 on the first day of January and of July of each year beginning in the year 1949, up to and including July 1, 1959. Paragraph 11 provided that in the event of the death of the husband prior to that of the wife any unpaid portion of the $12,000 should be paid out of the estate of the husband and constitute a lien thereon. Plaintiff wife remarried in 1948 and defendant successfully moved for an order terminating the payments. In affirming the appellate court adverted to the facts that the agreement provided the $12,000 was to be paid ''as alimony'' and that the agreement was entitled ''Property Settlement and Alimony Agreement.'' At page 509 [N.E.2d], it is further said: ''In the first place, it should be noted that the agreement is entitled 'Property Settlement and Alimony Agreement,' thus indicating at the very beginning that the parties were settling both property rights and alimony. In the second place, paragraph 11 of the agreement does not contain any wording that would indicate the provision for $12,000 was a settlement of property rights. In paragraph 8 the $12,000 is designated 'as alimony.' Other parts of the agreement deal exclusively with property rights. In the third place, the decree of divorce which was probably drawn by plaintiff's attorney and undoubtedly approved by

her attorney, in the paragraph (g) above quoted, orders the defendant to pay to the plaintiff 'alimony' in the sum of $12,000. Reviewing the whole agreement and the decree entered by the court, it seems to us quite clear that the $12,000 ordered paid by the defendant under paragraph (g) of the decree was a payment of alimony and not a settlement of any property rights. The clause in paragraph 11 of the agreement above quoted was an attempt by the parties to extend the alimony payments in spite of the contingency of death of either or both parties and perhaps in spite of the remarriage of the plaintiff.''

The agreement at bar is dual and divisible in its nature, just like the Coleman agreement. Appellant argues that the gross aspect of the award is found in the emphasized words in the phrase ''for and during the period of her natural life *or until she re-marries*, in which event the said payments shall cease.'' We cannot agree it has any such significance. Under then existing law periodic alimony payments would cease upon the death of the wife or the husband or upon re-marriage of the wife (cases cited *supra*). The phrase in question suggests dubiety, rather than any purpose to convert the award to one in gross. Certainly it does not make that clear showing which the Illinois cases require.

*In re Kuchenbecker's Estate*, 4 Ill.App.2d 314 [124 N.E.2d 52], is appellant's chief reliance as supporting authority. In that instance the agreement between the parties, which was held to have been merged in the decree (p. 54 [N.E.2d]), required the husband to pay to the wife $325 a month ''during the remainder of her natural life, or until such time as she remarries''; also, to maintain insurance on his life in the sum of $25,000 payable after his death in monthly installments of not less than $325 ''until said policy has been paid out, so long, only, as she shall remain single and unmarried.'' (P. 53 [N.E.2d].) But the decree into which the agreement was merged provided that the payments to be made during lifetime should continue until further order of court, and defendant was ordered to pay the premiums and keep the insurance in force ''until the further order of the court.'' This phraseology clearly denotes an intention to reserve jurisdiction for the purpose of modification or termination at any appropriate time. Plaintiff wife sought to enforce the obligation for monthly payments against the estate of the husband. She succeeded in the appellate court. At page 54 the opinion says: ''The sole question presented upon this appeal is

whether the decree and the agreement of the parties embodied therein clearly disclose an intention to settle all of their property rights; and whether it constitutes a settlement of alimony in gross payable in installments; or whether the decree must be considered as a decree for the payment of alimony only, payable in installments, which ceased upon the death of the defendant." Relying upon what it deemed to be the purport of *Walters* v. *Walters, supra* (Ill.), 94 N.E.2d 726, the court said: "We think that the instant case presents as strong a showing of property settlement, constituting a settlement of alimony in gross, as that appearing in the Walters case. In harmony with the holding of this court and the Supreme Court in the latter case, we are compelled to conclude that the claim in question is a proper one and survived the death of the defendant in the decree." No mention is made of the cardinal facts that the Walters agreement and decree expressly provided for an award of "alimony in gross" and that a fixed sum of $34,540 was awarded, payable in installments which were expressly made a charge upon the estate of the husband. There was in the Kuchenbecker's case no fixed sum and no fixed period for payments except as the $25,000 of insurance had that aspect. The effect of the merger of the agreement into the decree was a substitution of the obligations of the decree for those of the agreement. (*Flynn* v. *Flynn,* 42 Cal.2d 55, 58 [265 P.2d 865].) The language, "during the remainder of her natural life or until such time as she re-marries" thus became "until the further order of the court." As we see it, this Kuchenbecker's Estate case has little of gross alimony in it and does not square with the other decisions in that state, especially *Walter* v. *Walter, supra,* which is reported in 94 N.E.2d 726 and in 99 N.E.2d 342. The payment of a fixed sum forthwith or over a specific period is of the essence of an award in gross, not only in Illinois but also as a matter of general law. (See *Robinson* v. *Robinson,* 79 Cal. 511, 515, 516 [21 P. 1095]; *Huellmantel* v. *Huellmantel,* 124 Cal. 583, 588 [57 P. 582]; *Honey* v. *Honey,* 60 Cal.App. 759, 761-762 [214 P. 250]; *Tremper* v. *Tremper,* 39 Cal.App. 62, 65 [177 P. 868]; 27 C.J.S. § 235, p. 966; 17 Am.Jur. § 594, p. 466; Ballentine's Law Dictionary p. 66.) To say that the phrase, "during the remainder of her natural life or until such time as she re-marries" effects that result, seems to force a desired conclusion. Under then existing Illinois law such periodic payments would automatically cease upon remarriage of the

wife or death of either party. Whether the Kuchenbecker's case ever found its way to the Supreme Court we do not know. But it appears not to have been cited in any later Illinois case. It is our opinion that this case is not reconcilable with Walters and Coleman, *supra,* and that it does not correctly reflect the Illinois law. Hence it is not controlling here. The ruling of the trial court was correct.

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.