FRANCIS CHARLES SCHADE, Plaintiff and Counterdefendant-Appellant, *v.* MARY JANE SCHADE, Defendant and Counterplaintiff-Appellee.

Fourth District   No. 13405

Opinion filed February 3, 1977.

Gomien & Glennon, of Dwight (Irvin L. Masching and Roger B. Gomien, of counsel), for appellant.

Francis J. Householter, of Kankakee, and Harvey S. Traub, of Fairbury, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Francis and Mary Jane Schade were joined together in marital bliss in 1947. Their union produced seven children, three of whom were still minors at the time of the trial below.

On May 15, 1975, the court granted Mary Jane a divorce on the grounds of mental cruelty, awarded her custody of two of the three minor children and gave Francis custody of the third. No child support was awarded, but in lieu thereof and in lieu of alimony the court ordered division of the couple's personal and real property. On appeal Francis contests only the property division of the in-gross award.

The property assets and disposition in this case are about as complicated as the bilingual hieroglyphics on the Rosetta stone, but we will capsulize it as best we can. In 1962, Francis and Mary financed two acquisitions of land under one $40,000 mortgage. A 40-acre rural parcel which included the marital residence was solely in Francis' name, while a separate 160-acre tract of farm land was held by both as tenants in common. Mortgage indebtedness was slightly over $25,000 at the time of trial. Family income since 1962 came substantially from the husband's retail carpet business and, to a lesser degree, from farm leases. Mary Jane's sole income was $600 a year return on a loan to a relative. The family's yearly income since 1962 has been modest.

Now to the division of assets. Although Francis was ordered to leave the residence, he retained certain personal property items, farm machinery, and items relating to his carpet business. He was to be responsible for providing a new roof on the family house and pay certain past-due hospital bills incurred by Mary Jane. In addition, he retained title to the 40-acre farm house parcel, subject to a tenancy in Mary Jane for 8 years and 4 months, and she received a life estate in that parcel should Francis predecease her. He was awarded title to 40 acres of the 160-acre tract, subject to the same tenancy and succeeding life estate interests in Mary Jane as with the farm house parcel. Francis also kept a Florida lot.

Mary Jane received title to 120 acres of the 160-acre parcel subject to a life estate in Francis should she predecease him. She was also awarded a car, household and garden items, as well as the income on her loan to the relative. However, she was ordered by the court to paint the house. During her 8-year, 4-month tenancy (which time span accounts for the youngest child's majority), Mary Jane was to pay the real estate taxes on all 200 acres while Francis paid all mortgage installments. After the tenancy period, Francis was to pay two-fifths of the monthly mortgage payments while Mary Jane would be obligated to pay the remaining three-fifths. The question of college financing for the minors was reserved by the court. Now, Francis does not argue on appeal that the court's

granting of the divorce or its custody ruling were improper, but seeks to set aside the court's division of the couple's property.

■■ Mary Jane conceded that the property division must be sustained, if at all, under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19). Although Francis argues that Mary Jane's pleadings were insufficient to support a section 18 division of property, it is well settled that section 18 does not require that special equities or circumstances be pleaded in order to justify conveyance of property in lieu of alimony; what is required is that the recipient spouse be entitled to alimony and that the conveyance be equitable. (*Persico v. Persico* (1951), 409 Ill. 608, 100 N.E.2d 904.) Francis does not contend on appeal that Mary Jane is not entitled to alimony. Therefore, the only remaining question is whether the court's property division was equitable.

Section 18 of the Divorce Act provides, in part:

"When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be * * * reasonable and just * * *. The court may order the husband or wife, as the case may be, to * * * convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable." (Ill. Rev. Stat. 1973, ch. 40, par. 19).

In *Canady v. Canady* (1964), 30 Ill. 2d 400, 197 N.E.2d 42, the supreme court stated:

"Both the form of an award of alimony, and its amount, rest primarily in the discretion of the trial court. As this court said in *Doyle v. Doyle*, 268 Ill. 96, 101: 'The allowance of alimony in gross is clearly within the scope of the court's authority, and the amount to be allowed and whether in * * * property, real or personal, are matters largely within the discretion of the chancellor but subject to correction when that discretion is improperly exercised.' " 30 Ill. 2d 440, 444, 197 N.E.2d 42, 44.

■■ The trial judge below faced the problem of splitting a rather modest pie. Francis' carpet business had produced somewhat erratic income since 1962, and evidence introduced at trial indicated financial irregularities in the business accounting due, in part, to his relationship with one Mrs. Meyer, his bookkeeper. That, and other evidence, made reliance on Francis' business income as a basis of periodic alimony somewhat uncertain. To say that the family income from the farm land had been irregular is a gross understatement. Owing to Francis' financially catastrophic attempt in 1974 to farm the land himself, and in view of Mary Jane's need for steady income producing holdings due to

her history of mental health problems (she is represented on appeal by a conservator of her estate), this court finds that the trial court's division of the property as alimony in gross is a proper exercise of its discretion under section 18. And, indeed, the division, under the most unusual circumstances here, was quite equitable. (See, *e.g., Hall v. Hall* (1974), 18 Ill. App. 3d 583, 310 N.E.2d 186; *Honey v. Honey* (1970), 120 Ill. App. 2d 102, 105-106, 256 N.E.2d 121, 123.) Therefore, Mary Jane's pleadings were sufficient to support the trial court's determination.

■■ In *Seniuta v. Seniuta* (1975), 31 Ill. App. 3d 408, 334 N.E.2d 261, it was held that a conveyance of property in lieu of alimony was inequitable and an abuse of discretion when the conveyance deprived a spouse of his only apparent source of income. However, in this case, the property transferred does not deprive Francis of his carpet business, the main source of his income. *Seniuta* is thus clearly distinguishable.

■■ Finally, we are not unaware that Mary Jane's 8-year, 4-month tenancies in 80 acres of Francis' land are most probably in lieu of child support payments. We are not disturbed. For as we stated in *Kramp v. Kramp* (1954), 2 Ill. App. 2d 17, 20, 117 N.E.2d 859, 860, under section 18 of the Divorce Act,

> " * * * the power of the court to make orders requiring the payment of child support is the same as its authority relative to alimony. Therefore, it must be said that in cases involving the allowance of child support the law applicable thereto is the same as that concerning alimony payments."

And in *Brosie v. Brosie* (1946), 329 Ill. App. 514, 69 N.E.2d 518 (abstract), this court, in discussing sections 18 and 19, held,

> "Under these two sections, the court clearly has the equitable power to provide for the maintenance of the wife and child, either by the awarding of a lump sum payment or by monthly payments, or by both."

■■ Since section 18 authorizes the conveyance of interests in real property in lieu of alimony payments, the court below had the power and authority to grant the tenancies in lieu of child support payments. Furthermore, we hold that the trial court's actions were warranted by the evidence in this case. The trial judge's very detailed and well-reasoned disposition of the available marital resources appears to maximize the income-producing possibilities for both parties. The trial court's decision is accordingly affirmed.

Affirmed.

GREEN, P. J., and REARDON, J., concur.