(128 So. 801)

### Ex parte ALLEN.
### 6 Div. 621.

Supreme Court of Alabama.
May 15, 1930.

Rehearing Denied June 19, 1930.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for petitioner.

J. B. Ivey, of Birmingham, for respondent.

(129 So. 262)

## Ex parte CONSOLIDATED GRAPHITE CORPORATION.

### 7 Div. 960.

Supreme Court of Alabama.

June 19, 1930.

FOSTER, J.

The rule is now firmly established that, after a decree of divorce has been granted. and in it alimony payable monthly is provided, the court has the power and jurisdiction to modify the amount of the allowance at any time thereafter due to conditions which have changed since the entry of the decree. This is now held to be true whether the decree granting divorce and awarding permanent alimony expressly reserve such jurisdiction or not. Epps v. Epps, 218 Ala. 667, 120 So. 150.

The petition here shows that the decree granting a divorce and fixing alimony at a monthly allowance did in fact reserve jurisdiction, though, as we have said, that circumstance is not now material.

The petition to modify undertakes to give some nature of excuse for not prosecuting it within the time allowed by the rule for rehearings in equity. It then undertakes to show petitioner's inability to meet the payments. But it does not allege that the conditions upon which the relief is predicated did not exist at the time of the rendition of the final decree. True, the statements are made as of present conditions, but there is no allegation that those conditions are due to changes occurring since the decree. The decree was rendered December 31, 1929, in vacation, on a submission on December 19, 1929, in term time. The petition to modify was filed February 8, 1930. According to the interpretation which has been given sections 6636 and 6670, Code, and rules 81 and 78 (Chilton v. Gurganus, 218 Ala. 145, 117 So. 655), the petition came too late to be justified by them, and it is not based upon conditions alleged to have materially changed after the entry of the final decree sought to be modified, pursuant to the rules stated in Epps v. Epps, supra; Morgan v. Morgan, 211 Ala. 7, 99 So. 185.

The petition was therefore properly dismissed.

Writ of mandamus is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.