162 So. 529

## BORTON v. BORTON.
### 8 Div. 638.

Supreme Court of Alabama.

June 27, 1935.

E. W. Godbey, of Decatur, for appellant.

Chas. H. Eyster, of Decatur, for appellee.

BOULDIN, Justice.

The present appeal involves this question: On a decree for divorce with permanent alimony, payable in part by way of a gross sum in cash from the corpus of the husband's estate, and in part by way of an allowance payable "each month thereafter," for the maintenance and support of the wife, do such monthly payments continue to accrue after the death of the husband and constitute a charge or indebtedness against his estate?,

The bill, to which demurrers were sustained, sets out the divorce proceedings, which disclose that the parties had entered into a written agreement, made exhibit to the bill, for the settlement of their property rights on separation. It appears the husband was indebted to the wife for $1,000 borrowed money. The agreement stipulated that the husband in full settlement of claims for alimony and such indebtedness should pay to the wife the sum of $4,000 cash, and, as additional alimony, the sum of $30 per month, beginning October, 1915, and "each succeeding month thereafter," to be paid in advance on or before the 10th day of each month. The agreement contains this provision:

"The said four thousand dollars is to be the gross amount which the said L. W. Borton is to pay to the said Mrs. Alice J. Borton, out of the corpus of his estate, and it is to represent in part alimony, and it is also to be in full payment of all indebtedness he is due her for borrowed money, and is to represent the gross amount of alimony which he is to pay to her. The thirty dollars monthly installments which he is to pay each month hereafter, are to be an allowance to her for her future maintenance and support, additional to said sum paid in gross."

The decree granted the wife an absolute divorce on the ground of cruelty, permitted both parties to again contract marriage, recited the agreement touching alimony, found the wife had no separate estate, and proceeded to decree alimony substantially in the terms of the agreement of the parties; decreed the immediate payment of $4,000 "as permanent alimony in gross out of the corpus of his estate," and in payment of the $1,000 due the wife. It was further "decreed that the permanent alimony in gross here adjudged and decreed to complainant out of the corpus of the estate of respondent, is the sole and only alimony in gross out of the corpus of his estate, to which complainant is entitled, and is the sole and only alimony in gross adjudged and decreed to her."

It was then decreed that monthly installments of $30 each, "which is also to be as permanent alimony, and which is for the future support and maintenance of complainant," is a fair and reasonable amount to be paid monthly. Then follows a decree for $30 for the month of October, 1915, and a like sum for "each and every month thereafter."

The cash payment, $4,000, was made. Certain monthly payments were in arrears at the time of the husband's death. These are not questioned as proper demands against his estate.

The bill seeks recovery also for monthly installments alleged to accrue after his death.

The estate is alleged to be ample to meet such demands, also special bequests to a son of decedent, and leave a good estate to the surviving widow of a second marriage, who is made the chief beneficiary under his will.

The fixed sum payable in gross from the corpus of the estate became a vested property right, which, if payable in installments, would survive the death of the husband and become a charge on his estate. Smith v. Rogers, 215 Ala. 581, 583, 112 So. 190, 192.

In the above-cited case it was said:

"We need not, and do not, consider what the rule would be where the decree is for periodic payments for an indefinite period, for the current support of the wife. The decisions differ in the various jurisdictions, dependent upon variant statutory provisions, or variant theories as to the nature of alimony, or upon the terms of the decree itself. Storey v. Storey, 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. St. Rep. 417; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Ex parte Hart, 94 Cal. 254, 29 P. 774; Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Pingree v. Pingree, 170 Mich. 36, 135 N. W. 923; 1 R. C. L. 933, § 80; 19 Corp. Jur. 278, § 633."

In Epps v. Epps, 218 Ala. 667, 120 So. 150, the full court considered the nature and basis of a monthly allowance for future support of the wife. Being an allowance in lieu of the legal obligation of the husband to support the wife, payable, if need be, from the current earnings of the husband from time to time, it was decided that the court had inherent power to modify such decree in the future because of changed conditions, notwithstanding no reservation of future control was written in the decree.

This has become the settled law of Alabama. The rule applies notwithstanding the decree was pursuant to an agreement of the parties. Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Ex parte Allen, 221 Ala. 393, 128 So. 801.

This rule cannot subsist with the view that such monthly allowance is a fixed charge on the estate of the husband so long as the wife shall live.

The obligation of the husband to support the wife grows out of the subsisting relation of husband and wife, and ends when the relation ends, by the death of either.

If the wife survives the husband, she takes dower, quarantine, and homestead rights with distributive interest in the husband's personalty, and, in some cases, as heir of his realty.

The allowance of alimony in gross upon divorce is in part because of cutting off these prospective property rights of the wife.

Here, the decree and agreement upon which it is based show quite clearly an express purpose to make a division, so to speak, of property interests; fix a sum certain as a sole charge on the corpus of the estate of the husband, with a further monthly allowance payable expressly for future maintenance and support.

We hold it ended upon the death of the husband, the event upon which the obligation of support would have ended had there been no divorce. This holding is in harmony with the weight of authority elsewhere. Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Knapp v. Knapp, 134 Mass. 353, 355; Stone v. Duffy, 219 Mass. 178, 106 N. E. 595; Blades v. Szatai, 151 Md. 644, 135 A. 841, 50 A. L. R. 232; Dickey v. Dickey, 154 Md. 675, 141 A. 387, 58 A. L. R. 634; Roberts v. Higgins, 122 Cal. App. 170, 9 P.(2d) 517; 1 R. C. L. page 933, § 80; 19 C. J. page 278, § 633.

There was no error in the decree sustaining the demurrer to this feature of the bill.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.