41 So.2d 398

## COLTON v. COLTON.

### 6 Div. 868.

Supreme Court of Alabama.

June 23, 1949.

William B. McCollough, of Birmingham, for appellant.

H. M. Abercrombie and Neal C. Newell, of Birmingham, for appellee.

LAWSON, Justice.

In connection with a decree of absolute divorce between the parties to this cause, and by agreement between them, a decree was entered by the circuit court of Jefferson County, in equity, on August 8, 1947, whereby appellee, William N. Colton, Jr., was ordered to pay to appellant, Louise E. Colton, the sum of $100 per month beginning on the first day of September, 1947. Appellee was also required by the terms of that decree to pay the premium on an insurance policy, which amounts to $4.00 per month.

On January 21, 1949, appellee filed his petition to modify the decree of August 8, 1947, by reducing the amount of his payments to Louise E. Colton.

The trial court on February 14, 1949, entered a decree, in pertinent part as follows:

"* * * that pending the further orders of the Court, respondent pay for the support and maintenance of complainant the sum of Sixty Four Dollars ($64) a month in lieu of the One Hundred Dollars ($100) a month and the payments on the insurance policies heretofore fixed by the Court."

From such decree Louise E. Colton has appealed to this court.

It is now firmly established in this jurisdiction that where a decree for permanent alimony is not for a lump sum, or otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be from the future earnings of the husband, the court has power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, overruled in Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214, but reaffirmed in Epps v. Epps, 218 Ala. 667, 120

444

So. 150; Aiken v. Aiken, 221 Ala. 67, 127. So. 819; Ex parte Allen, 221 Ala. 393, 128 So. 801; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Littleton et al. v. Littleton, 224 Ala. 103, 139 So. 335; Adams v. Adams, 229 Ala. 588, 159 So. 80; Wells v. Wells, 230 Ala. 430, 161 So. 794; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

█ It is equally well settled that an agreement of the parties fixing the amount of such alimony becomes merged into the decree, and thereby loses the contractual nature at least to the extent that the court has the power to modify the decree when changed conditions so justify. Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Worthington v. Worthington, supra; Adams v. Adams, supra; Garlington v. Garlington, supra. But a decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation. Worthington v. Worthington, supra; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905.

█ Modification of such a decree can only be ordered on proof of change of conditions of the parties, one or both, as the decree is final as to the conditions existing at the time, since existing conditions are presumed to have been considered upon the rendition of the decree. Morgan v. Morgan, supra; Ex parte Allen, supra.

The fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a reduction of the alimony due the former wife. Aiken v. Aiken, supra; Morris v. Morris, 240 Ala. 399, 199 So. 803; Tidmore v. Tidmore, supra.

These parties were married in July, 1933. They were separated in May, 1947, and, as before pointed out, were divorced in August, 1947. They had no children, but Mrs. Colton had a son by a former marriage, who was about nineteen years of age at the time of the divorce. At the time of the. divorce the husband was employed in a Birmingham bank at a salary of $250. He had no other income. Mrs. Colton was in bad health and had no income.

█ The wife was granted the divorce. We must proceed on the assumption that the decree rendered was equitable and fair. Any anticipated increase in income on the part of the husband at that time, which may not have materialized, cannot be considered as a ground for reducing the alimony payments to the former wife. Aiken v. Aiken, supra.

There has been no material change in the status of the former wife. She has not remarried. She has no income of her own. She is still under the care and treatment of physicians.

The husband remarried in November, 1947, about three months after the divorce decree was entered. He has one child by his second wife. Naturally, his expenses have increased, but as before pointed out, this circumstance adds nothing to his claim. Tidmore v. Tidmore, supra. His income has not decreased, but has slightly increased since the original decree was entered.

We have examined the evidence with great care and are forced to the conclusion that the appellee failed to show such a change in the circumstances of the parties as to justify a reduction in the. amount of alimony to be paid his former wife.

The decree of the trial court is reversed and one is rendered here denying relief to petitioner and dismissing his petition.

Reversed and rendered.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.