105 So.2d 867

George A. LE MAISTRE, as Executor, et al.

v.

Emma Jane Alsup BAKER.

6 Div. 238.

Supreme Court of Alabama.

Oct. 16, 1958.

**296**

LeMaistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, for appellants.

E. D. McDuffie and Norma Holcombe, Tuscaloosa, for appellee.

SIMPSON, Justice.

This is an appeal from a decree in equity declaring that the following recitals in a former decree constituted alimony in gross and survived the death of H. Powell Baker, against whom the decree was rendered, wherein he was divorced from his former wife. The divorce decree recites:

"It is further ordered, adjudged and decreed that the Complainant pay to the Respondent the sum of Three Hundred Dollars ($300.00) per month, as alimony, said payment to begin immediately and be payable on the first day of each calendar month hereafter, until the Respondent dies or remarries."

Mr. Baker, having died, his divorced wife, appellee Emma Jane Alsup Baker, instituted the proceeding to determine the meaning of said alimony decree and claims that the above quoted provision awarded her alimony in gross. Appellants contend to the contrary and assert that when H. Powell Baker died no further alimony was due. Demurrer to the petition of Mrs. Baker was overruled and the trial court proceeded to a hearing on the evidence and entered the decree from which this appeal is taken, holding that the provision in the paragraph above quoted was a provision for alimony in gross awarded to respondent Mrs. Baker and survived the death of her former husband, H. Powell Baker, and was a charge upon his estate.

The sole issue on this appeal is whether the legal effect of the alimony decree quoted above provided for alimony in gross to be paid monthly to the respondent until she died or remarried survived the death of her former husband, or did the provision for $300 per month alimony terminate at Mr. Baker's death.

■ It is, of course, well settled that courts of equity have the power to extend payments of alimony beyond the death of the husband. This power has been exercised when the decree by which the alimony was awarded provided for alimony in gross. Justice Somerville observed in Smith v. Rogers, 215 Ala. 581, 112 So. 190, 192:

"But, on principle, there is no escape from the conclusion that a decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination

of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival. Smith v. Smith, 45 Ala. 264, 268; Jeter v. Jeter, 36 Ala. 391, 401, 402; Winslow v. Winslow, 133 Tenn. 663, 182 S.W. 241, Ann.Cas.1917A, 245; Martin v. Martin, 195 Ill.App. 32; 19 Corp.Jur. 266, § 613. The decree therefore has the effect of a final judgment for the payment of money, and is as binding upon the estate of the husband as upon himself while living."

The Court in that case further held that the fact that the decree allows the award in gross to be paid in installments does not change its nature or effect as alimony in gross. It is to be noted, however, that a distinction was made between alimony in gross and mere periodic allowances for current and continuous support. Concerning such periodic payments for an indefinite period, Justice Somerville wrote:

"We need not, and do not, consider what the rule would be where the decree is for periodic payments for an indefinite period, for the current support of the wife. The decisions differ in the various jurisdictions, dependent upon variant statutory provisions, or variant theories as to the nature of alimony, or upon the terms of the decree itself. [Cases cited.]"

The full statement of the rule, thus left open for decision in Smith v. Rogers, was finally brought to issue and declared in Borton v. Borton, 230 Ala. 630, 162 So. 529, 530, 101 A.L.R. 320, where Justice Bouldin, speaking for the Court, made the following pertinent concise comment:

"In Epps v. Epps, 218 Ala. 667, 120 So. 150, the full court considered the nature and basis of a monthly allowance for future support of the wife. Being an allowance in lieu of the legal obligation of the husband to support the wife, payable, if need be, from the current earnings of the husband from time to time, it was decided that the court had inherent power to modify such decree in the future because of changed conditions, notwithstanding no reservation of future control was written in the decree.

"This has become the settled law of Alabama. The rule applies notwithstanding the decree was pursuant to an agreement of the parties. Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Ex parte Allen, 221 Ala. 393, 128 So. 801.

"This rule cannot subsist with the view that such monthly allowance is a fixed charge on the estate of the husband so long as the wife shall live.

"The obligation of the husband to support the wife grows out of the subsisting relation of husband and wife, and ends when the relation ends, by the death of either.

"If the wife survives the husband, she takes dower, quarantine, and homestead rights with distributive interest in the husband's personalty, and, in some cases, as heir of his realty.

"The allowance of alimony in gross upon divorce is in part because of cutting off these prospective * * * rights of the wife."

The Court went on to hold in the Borton case that the provision in the divorce decree for a monthly allowance payable expressly for future maintenance and support did not charge the estate with those payments, but that "it ended upon the death of the husband, the event upon which the obligation of support would have ended had there been no divorce."

The rule so established in Borton v. Borton was later applied in the case of Cox

v. Dodd, 242 Ala. 37, 4 So.2d 736, and must now be regarded as settled.

As stated, the trial court in the instant case ruled that the decree of divorce which he had rendered almost three years previously, in which there was the foregoing quoted provision, was in fact an award of alimony in gross and that, as such, the obligation of H. Powell Baker to pay to Emma Baker the amount as provided therein survived his death and became a charge against the estate. Although this conclusion was stated as a finding of fact, it is manifest that it was in reality an exercise of judgment on a question of law and is therefore subject to review.

From our authorities it appears that for an award in a divorce decree to qualify as alimony in gross it must meet and satisfy two requirements. First, both the amount and time of payment must be certain. Williams v. Williams, 261 Ala. 328, 74 So.2d 582; Epps v. Epps, 218 Ala. 667, 120 So. 150; 18A Words and Phrases, Gross Alimony, p. 477, and Pocket Part. Second, the right to it must be vested and not subject to modification. Williams v. Williams, supra; Epps v. Epps, supra; Smith v. Rogers, supra; 18A Words and Phrases, Gross Alimony, p. 477, and Pocket Part.

In no sense can it be said that the alimony provision considered here was either certain in amount or time of payment. True, the amount was set at $300 per month, but the full amount to be eventually paid depended upon the duration of the payments, which was limited in time only by the death or remarriage of the appellee. Such a limitation cannot be termed certain with respect to a particular time.

The provision before us also fails to meet the second test. The decree is absolutely devoid of any indication that it is based upon any agreement of the parties, such as for a division of property or settlement of marital rights. Neither does it show that the trial court considered property rights, or that he tried to make an appraisal of the present value of the wife's future support, in making up the decree. Nor was there any evidence before him upon consideration of the original bill for divorce relative to the estate of H. Powell Baker or germane to making a division of property by an award of alimony in gross. It seems clear that this provision did not effectuate a vested right, but merely provided a periodic allowance for current and continuous support. Furthermore, it would be a strained construction of the decree which would lead this Court to say that the alimony given was not subject to modification.

We said in Colton v. Colton, 252 Ala. 442, 41 So.2d 398:

"It is now firmly established in this jurisdiction that where a decree for permanent alimony is not for a lump sum, or otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be from the future earnings of the husband, the court has power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not. [Cases cited.]"

It is to be noted that the phrase, "as alimony", is used in the decree to describe the award being made. But as pointed out by the appellants in their brief, citing Eaton v. Davis, 176 Va. 330, 10 S.E.2d 893, 897, the word alimony comes from the Latin *alimonia,* meaning "sustenance", and, as applicable here, the sustenance or support of the wife by her divorced husband. "It stems from the common-law right of the wife to support by her husband, which right, unless the wife by her own misconduct forfeits it, continues to exist even after they cease to live together. *Alimony has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage."* (Emphasis supplied.) Eaton v. Davis, supra.

Therefore, the appellant's argument is strengthened by the very words of the decree itself, which, by its own terms, indicates that it was intended only to provide for the wife's support.

The intent to award alimony in gross, binding upon the estate of a deceased husband, should be unequivocally expressed or necessarily inferred from the language used, rather than extracted from phrases suggesting dubiety. Gouthro v. Winstanley, 145 Cal.App.2d 367, 302 P.2d 450.

It is, therefore, our opinion that the learned trial court was in error. The obligation of H. Powell Baker to pay the periodic payments to the petitioner ceased at his death and did not become a charge against his estate, and a decree will be here rendered accordingly.

Reversed and rendered.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.