This is a periodic alimony termination case. Although the parties have been divorced for years, for clarity, they will still be referred to as "the husband" and "the wife."
In the April 30, 1976 final judgment which divorced the parties, the wife was awarded a total of $66,051 as a property settlement and was further awarded $300 per month as periodic alimony. The periodic alimony provision was that the $300 be paid by the husband each month for her support and maintenance until such time as she remarries or until otherwise ordered by the trial court.
The husband recently sought to terminate the periodic alimony because of changed conditions. He averred that periodic alimony was no longer needed by the former wife. A trial was had before the trial court, where the wife was the sole witness.
The wife, who is presently sixty-eight years of age, testified that she draws Social Security benefits of $671 each month. She also receives teacher retirement benefits which totaled $11,416 for the year *Page 458 
1983. Her federal income tax return for 1983 reflected interest income of $4,003. She also received and reported total dividends of $4,027 from stock which she primarily purchased immediately after the divorce.
The wife testified that her monthly teacher's retirement check of $948 is sufficient to cover her usual and ordinary personal expenses, while her Social Security check each month of $671 is adequate to cover expenses arising from extraordinary circumstances. She has never needed any of her interest income to meet her personal needs and has always reinvested her interest. Her dividends are deposited into her checking account and, when that account exceeds her anticipated needs, the excess money is invested by her. She withdraws funds from her checking account two or three times a year and presently deposits those moneys in a federal savings and loan association's interest-bearing account. She states that she lives frugally and simply. Her testimony was that it was not necessary that she receive the periodic alimony.
After hearing the wife's testimony, the trial court rendered a judgment which found as a matter of fact that the wife's income is sufficient to provide for her needs without further contribution from the husband. Consequently, the 1976 final judgment was modified to eliminate the requirement that the husband pay periodic alimony to the wife.
Mrs. Allen appealed and argues through able counsel that the husband failed to provide the necessary proof of a material change in the condition of the parties since the divorce, because there was insufficient evidence of their respective conditions when the divorce judgment was rendered and because there was no evidence of the husband's circumstances in 1985. We disagree.
In Wood v. Wood, 258 Ala. 72, 61 So.2d 436 (1952), the husband sought to modify periodic alimony by terminating it on account of changed conditions in that the wife was self-sustaining. The trial court relieved the husband of the duty of making further periodic alimony payments, because the wife had an income in her own right. The supreme court affirmed, being unable to find an abuse of the trial court's discretion in rendering that final judgment. See also Clementv. Clement, 455 So.2d 46 (Ala.Civ.App. 1984), where a judgment holding that the wife was not self-supporting was affirmed. It can be inferred therefrom, however, that, had there been adequate evidence of the wife's being self-supporting and had the trial court so held, such a finding also would have been affirmed.
The function of periodic alimony is to provide support. 24 Am.Jur.2d, Divorce and Separation § 624 at 624 (1983). The trial court may terminate periodic alimony whenever, for any reason, it becomes unnecessary for the support of the wife. 27A C.J.S., Divorce § 240, at 1154 (1959). In Alabama, periodic alimony payments which are not combined with child support cease upon the remarriage of the former wife. Tillis v. Tillis,405 So.2d 938 (Ala.Civ.App. 1981), cert. denied, 405 So.2d 940
(Ala. 1981). It also ends upon the death of either of the former spouses. Borton v. Borton, 230 Ala. 630, 162 So. 529
(1935). Under those circumstances, the material change consists solely of the remarriage or of the death of the dependent former spouse and no change in the circumstances of the paying former spouse need be proven.
Periodic alimony has as its sole object the support of the wife. LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867 (1958). Accordingly, it may be terminated when the dependent former spouse is self-supporting, since the object for which it was granted no longer exists. Such self-support constitutes in itself such a material change in the circumstances as to authorize the termination of periodic alimony by a trial court.
 "We recognize that the modification of a decree for alimony remains a matter for the discretion of the trial court, even though there may be shown some change *Page 459 
in circumstances since the last decree. Snow v. Snow, 393 So.2d 1020 (Ala.Civ.App. 1981). In reviewing the exercise of that discretion as shown by the judgment entered after oral hearing of testimony, we accord it a presumption of correctness. With such a presumption in mind, our task is simply to determine if there was sufficient evidence before the trial court to support its judgment against a charge of clear arbitrariness and abuse of discretion. Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983); Dean v. Dean, 424 So.2d 1323 (Ala.Civ.App. 1982)."
Clement, 455 So.2d at 47. Here, the trial court did not abuse its discretion. The wife's own admissions fully support the judgment of the trial court, which was not palpably wrong.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.