BEATTY, Retired Justice.
The State Department of Revenue appeals from a judgment in favor of Charles Pruitt. We reverse and remand.
Pruitt and his former wife, Nona, were divorced in May 1991. The divorce judgment confirmed a separation agreement previously executed by the Pruitts. That agreement provided, in pertinent part, as follows:
“III. Property Division
“A. Real
[[Image here]]
“2. The real property described in paragraph 1 above [the former marital residence awarded to the wife] is subject to an outstanding mortgage to First Community Bank, which the husband assumes and agrees to pay, and the husband further agrees to hold the wife harmless against any claims made by the creditor against the wife to collect said indebtedness....
[[Image here]]
“4. The wife shall pay to the husband the sum of Ten Thousand Dollars ($10,-000.00) in cash within sixty (60) days following the date the husband pays in full the mortgage indebtedness described in paragraph 2 above. Although not required to do so, the wife may prepay the sum of money specified above at any time she may choose.
[[Image here]]
“V. Alimony
“A. In consideration of the property division made herein, the parties waive any rights they may have against the other to periodic alimony or alimony in gross.
*1015 “VI. Insurance
“A. Life
[[Image here]]
“2. In order to secure payment of the mortgage indebtedness encumbering the marital home in the event of the death of the husband, the husband shall, at his own expense and as part of his obligation to pay such mortgage indebtedness, keep or maintain or obtain and keep paid up to date a policy of insurance on his life in a face benefit amount of not less than $50,-000.00 with the wife named as the beneficiary of such policy. The foregoing policy of life insurance shall be kept in force until the mortgage indebtedness is paid in full or until the home and adjoining five (5) acres of land is otherwise no longer encumbered by the lien of the mortgage_”
Pruitt claimed the amount of the mortgage payments that the divorce judgment obligated him to pay as an alimony deduction on his 1991,1992, and 1993 state and federal income tax returns. Thereafter, the Department conducted an individual income tax audit of Pruitt’s state income tax returns for those years. The Department disallowed the amount Pruitt had deducted as alimony because it did not consider the mortgage payments to be alimony. On May 5, 1995, the Department issued notices of final assessment to Pruitt asserting that he owed additional taxes for the tax years 1991, 1992, and 1993, together with interest and penalties. Pruitt appealed to the circuit court, where the ease proceeded to trial. The trial court entered a judgment in which it concluded that the mortgage payments satisfied all elements necessary to be considered alimony, as defined by federal law, and held that the Department’s interpretation was erroneous. The trial court reversed the Department’s assessment of additional taxes against Pruitt. After the trial court denied the Department’s post-judgment motion, the Department appealed.
The sole issue on appeal is whether the payments that Pruitt makes, pursuant to the divorce judgment, toward satisfaction of the mortgage on his former wife’s residence are deductible as alimony.
Alabama law allows a taxpayer to deduct alimony payments from his or her income taxes just as federal law does. Section 40-18—15(a)(18), Ala.Code 1975, prescribes the amount that can be deducted on an Alabama income tax return, as follows:
“For individual resident taxpayers, alimony and separate maintenance payments, the amount deductible [is] the same as the .amount deductible.for federal income tax purposes under 26 U.S.C. § 215 (relating to alimony payments).”
26 U.S.C. § 215(b) states:
“Alimony or separate maintenance payments defined. — For purposes of this section, the term ‘alimony or separate maintenance payment’ means any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71.”
26 U.S.C. § 71(b) defines “alimony” as follows:
“Alimony or separate maintenance payments defined. — For purposes of this section-
'll) In general. — The term ‘alimony or separate maintenance payment’ means any payment in cash if—
“(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
“(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section •215,
“(C) in the case of an individual legally separated from his spouse under a decree of divorce or separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
“(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or in property) as a substitute for *1016 such payments after the death of the payee spouse.”
Pruitt’s obligation to make the mortgage payments meets the criteria for alimony set out in subsections (A) — (C) of § 71(b), but not that set out in subsection (D). Under the terms of the Pruitts’ separation agreement, the mortgage payments are included under that section regarding the division of their marital property, 'and both waived any rights to periodic alimony or alimony in gross, in a separate section entitled “Alimony.” The fatal flaw for Pruitt, however, is the fact that nowhere in the separation agreement-is there a provision that ends Pruitt’s obligation to make the mortgage payments upon the death of his former wife. According to, the separation agreement, Pruitt has assumed the mortgage securing the indebtedness on his former wife’s residence, and he alone is obligated to make the mortgage payments, regardless of his former wife’s status.
Pruitt argues that the divorce judgment is ambiguous because, he says, he intended the mortgage payments to be in the nature of alimony. He testified at trial that he thought if -his former wife remarried or died then he would have no further obligation to make the mortgage payments. We find the terms of the separation agreement to be clear and unambiguous, however. Given those terms, we are certain that the-bank to which Pruitt owes those payments, would expect him to continue making them even if his former wife remarried or died.
The judgment is reversed, and the cause is remanded for the trial court to reinstate the Department’s assessments of additional state income tax due by Pruitt for the tax years 1991,1992, and 1993.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.