CRAWLEY, Judge,
concurring in the result.
Section 71(b)(1)(D) considers a payment periodic alimony if there is no liability to continue the payment after the death of the payee spouse. From the majority’s statement regarding the “fatal flaw” in Pruitt’s claim, however, it appears that the majority is saying that § 71(b)(1)(D) cannot be satisfied (and a payment will not, therefore, be deemed periodic alimony) unless the divorce judgment has an express provision ending the payor’s obligation at the payee’s death. That, of' course, is not the law. See Borton v. Borton, 230 Ala. 630, 162 So. 529 (1935).
Here, we have decided that the mortgage payments are part of a property division, not because the divorce judgment is silent on the issue of Pruitt’s obligation to continue the payments after the death of his ex-wife, but because the parties specifically denoted the payments as part of a property division and expressly waived alimony.