HOOPER, Chief Justice.
The writ of certiorari is quashed. In quashing the writ, this Court should not be understood as approving the rationale stated in the Court of Civil Appeals’ opinion. Specifically, this Court disagrees with the following statement by the Court of Civil Appeals:
“The fatal flaw for Pruitt, however, is the fact that nowhere in the separation agreement is there a provision that ends Pruitt’s obligation to make the mortgage payments upon the death of his former wife.”
State Dep’t of Revenue v. Pruitt, 711 So.2d 1014, 1016 (Ala.Civ.App.1997). This statement reflects an outdated interpretation of federal tax law. The Tax Reform Act of 1986 deleted the requirement in 26 U.S.C. § 71(b)(1)(D) that, in order for payments to qualify for the alimony deduction, a divorce judgment must expressly provide for termination of payments upon the death of the payee spouse. Pub.L.No. 99-514, § 1843(b), 100 Stat. 2853, 2855 (1986). Under the current law, payments are deductible as alimony, even in the absence of language specifically providing for termination, so long as state law would operate to end them on the payee spouse’s death. Hoover v. Commissioner of Internal Revenue, 102 F.3d 842, 846 (6th Cir.1996).
WRIT QUASHED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.