Margaret A. Kelley, hereinafter referred to as "the wife," and Charles Kelley, hereinafter referred to as "the husband," were divorced in 1991. They entered into an agreement, which the trial court incorporated into its divorce judgment. The judgment provided that the husband would by periodic payments pay the wife 40% of his current and future salary. The husband made these payments and deducted them as alimony payments on his state income-tax returns. However, the wife did not include these payments in her gross income for income-tax purposes.
The State Department of Revenue ("the Department") assessed an income-tax liability against the wife for the years 1991 through 1995. The Department determined that these payments were alimony and, therefore, that they should have been included in her gross income. The wife appealed to the Department's Administrative Law Division. The Department notified the husband of the appeal and informed him that the outcome might effect his income-tax liability. The husband intervened.
The administrative law judge determined that the payments were not payments of alimony. The administrative law judge found the payments to be part of a property settlement and, thus, that they should not have been considered in computing the wife's gross income. The husband and the Department appealed to the circuit court.
The parties agreed that there were no disputed facts and submitted the case on briefs to the trial court. The trial court entered a judgment, finding that the payments were alimony and, therefore, that they should have been included in the wife's gross income. The wife moved the court to alter, amend, or vacate its judgment. The trial court denied her motion, and the wife appealed to this court.
Because the parties concede that the facts of this case are undisputed and because the controversy involves only questions of law, the trial court's judgment carries no presumption of correctness, and our review is de novo. Beavers v. County of Walker, 645 So.2d 1365 (Ala. 1994), andLake Forest Property Owners' Ass'n v. Smith, 571 So.2d 1047 (Ala. 1990).
Alabama law allows a taxpayer to deduct alimony payments from his or her income for tax purposes, as federal law does. Section 40-18-15(a)(18), Ala. Code 1975, provides the amount that can be deducted on an Alabama income-tax return, as follows:
 "For individual resident taxpayers, alimony and separate maintenance payments, the amount deductible [is] the same as the amount deductible for federal income tax purposes under 26 U.S.C. § 215
(relating to alimony payments)."
Federal statute 26 U.S.C. § 215(b) reads:
 "Alimony or separate maintenance payments defined. — For purposes of this *Page 1116 
section, the term `alimony or separate maintenance payment' means any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71."
Another federal statute, 26 U.S.C. § 71(b), defines "alimony":
 "Alimony or separate maintenance payments defined. — For purposes of this section —
 "(1) In general. — The term `alimony or separate maintenance payment' means any payment in cash if —
 "(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
 "(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
 "(C) in the case of an individual legally separated from his spouse under a decree of divorce or separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
 "(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or in property) as a substitute for such payments after the death of the payee spouse."
Section 71 provides an objective standard to distinguish between a payment received in a division of property, which is not includible in gross income, and a payment received as spousal support, which is includable as gross income. Goldman v. Commissioner, 112 T.C. 317
(1999); Hoover v. Commissioner, 102 F.3d 842, 845 (6th Cir. 1996).
The husband's obligation to make monthly payments to the wife meets the criteria for alimony set out in subsections (A) through (C) of § 71(b). Whether it meets the requirement under subsection (D) is the issue in this appeal.
In State Dep't of Revenue v. Pruitt, 711 So.2d 1014 (Ala.Civ.App. 1997), this court held that a husband's monthly obligation to make a mortgage payment was not alimony under § 71.
In quashing the writ of certiorari in Ex parte Pruitt, 711 So.2d 1016
(Ala. 1998), the Alabama Supreme Court stated that its quashing the writ of certiorari "should not be understood as approving the rationale stated in the Court of Civil Appeals' opinion." 711 So.2d at 1017. The supreme court further stated:
 "The Tax Reform Act of 1986 deleted the requirement in 26 U.S.C. § 71(b)(1)(D) that, in order for payments to qualify for the alimony deduction, a divorce judgment must expressly provide for termination of payments upon the death of the payee spouse. Pub.L. No. 99-514, § 1843(b), 100 Stat. 2853, 2855 (1986). Under the current law, payments are deductible as alimony, even in the absence of language specifically providing for termination, so long as state law would operate to end them on the payee spouse's death. [Hoover v. Commissioner,] 102 F.3d 842, 846 (6th Cir. 1996)."
The pertinent part of the parties' agreement reads:
 "PRESENT EMPLOYMENT. The husband shall be entitled to 60% of his net salary as Director of Game, Fish and Natural Resources Division of the Department of Conservation of the State of Alabama (or any other position with the State of Alabama or the U.S. Government) until the retirement of the Husband, and as part of the property settlement, *Page 1117 
the Wife shall be entitled to 40% of the net salary of the Husband as Director of Game, Fish and Natural Resources Division (or any other position), after Federal, State Income Taxes and Social Security deduction from the husband's salary, until the retirement of the Husband. The Wife is to be paid by direct deposit to an account designated by the Wife, beginning July 26, 1991."
 "It is further stipulated that by virtue of the Husband being a member of the retirement systems of Alabama, retirement benefits (monies) are on deposit in his or his designated beneficiary's behalf. The Husband stipulates, covenants and agrees that the Wife is the beneficiary of any monies arising from said membership in the event of the Husband's death before retirement, in accordance with Option III of State Employee Retirement System, and that the Wife will remain the irrevocable beneficiary of this Fund, in the event the Husband should die before retiring from his employment with the State of Alabama."
The term "property division" is used throughout the agreement. In the beginning paragraphs of the agreement, the agreement states that "the following agreement shall be binding on [the husband and wife] with respect to certain matters covered therein relating to the property division; however, the parties hereto expressly understand and agree that certain provisions in the Agreement are provisions that may be modified under certain circumstances by consent of the parties and by Court Order." The term "alimony" is never used in the agreement.
It is clear that the husband's obligation to pay the wife 40% of his salary from his "present employment" would end upon his death, and neither party disputes that the agreement provides that the payments to the wife also would end upon his death or retirement. However, the provision does not specifically state that the payments terminate upon the death of the wife. Thus, the dispositive issue is whether the husband would have any liability to make payments to the wife's estate after her death, in the event she predeceases him.
"Whether such an obligation exists may be determined by the terms of the applicable instrument, or if the instrument is silent on the matter, by looking to state law." Gonzales v. Commissioner, T.C. Memo. 1999-332 (U.S. Tax Ct. 1999); citing Morgan v. Commissioner, 309 U.S. 78, 80
(1940); Sampson v. Commissioner, 81 T.C. 614, 618 (1983); affd. without published opinion 829 F.2d 39 (6th Cir. 1987).
Because the agreement does not provide that the husband's obligation ceases upon the wife's death, we look to Alabama law regarding alimony provisions to determine whether the obligation would be terminated.
This court has held that in order for an award in a divorce judgment to be considered a property settlement, the following two requirements must be met: (1) the amount and time of payment must be certain; and (2) the right to it must be vested and not subject to modification. Daniels v.Daniels, 599 So.2d 1208, 1209 (Ala.Civ.App. 1992); Thomas v. Thomas,392 So.2d 233 (Ala.Civ.App. 1980). This court has further stated:
 "`[L]abels provided in a judgment are not controlling on the question of the true nature of the obligation. In order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. 11 U.S.C.A. § 727(b); Segers v. Segers, 655 So.2d 1014
(Ala.Civ.App. 1995).'" *Page 1118 
Sutherland v. Sutherland, 780 So.2d 701 (Ala.Civ.App. 2000) (quoting Anderson v. Anderson, 686 So.2d 320, 324 (Ala.Civ.App. 1996)) (citation omitted).
This court has held:
 "A decree providing for monthly payments . . ., to run indefinitely, implies an allowance for support and maintenance to be met by the husband from his income or earnings, if need be."
Laminack v. Laminack, 675 So.2d 479, 482 (Ala.Civ.App. 1996) (quotingHager v. Hager, 293 Ala. 47, 53, 299 So.2d 743, 749 (1974) (distinguishing between periodic alimony and alimony in gross)).
Based upon the caselaw cited above, we must disagree with the wife's assertion that the award of 40% of the husband's income is in the nature of a property settlement rather than in the nature of alimony. The award is for no definite amount, because the amount of the husband's income may change and there is no specific number of years for which the husband must make such payments. The amount and the time of payment is not certain. Thus, we conclude that under Alabama law, the award is an award of periodic alimony.
In Alabama, periodic alimony payments cease at the death of either spouse. Borton v. Borton, 230 Ala. 630, 162 So. 529 (1935).
 "The function of periodic alimony is to provide support. 24 Am.Jur.2d, Divorce and Separation § 624 at 624 (1983). The trial court may terminate periodic alimony whenever, for any reason, it becomes unnecessary for the support of the wife. 27A C.J.S., Divorce § 240, at 1154 (1959). In Alabama, periodic alimony payments which are not combined with child support cease upon the remarriage of the former wife. Tillis v. Tillis, 405 So.2d 938 (Ala.Civ.App. 1981), cert. denied, 405 So.2d 940 (Ala. 1981). It also ends upon the death of either of the former spouses. Borton v. Borton, 230 Ala. 630, 162 So. 529
(1935). Under those circumstances, the material change consists solely of the remarriage or of the death of the dependent former spouse and no change in the circumstances of the paying former spouse need be proven."
Allen v. Allen, 477 So.2d 457, 458 (Ala.Civ.App. 1985).
As indicated above, payments are deductible as alimony, even in the absence of language specifically providing for termination, so long as state law would operate to end them on the payee spouse's death. Hooverv. Commissioner, 102 F.3d 842, 846 (6th Cir. 1996). We conclude that the payments are payments of alimony under Alabama law, and, under Alabama law, an obligation to pay alimony ceases at the death of either spouse. Thus, we hold that the husband's obligation to make monthly payments to the wife meets the criteria for alimony set out in subsections (A) through (D) of § 71(b).
The trial court's judgment, holding that the payments were alimony under § 71(b), is affirmed.
AFFIRMED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur. *Page 1119