MURDOCK, Justice
(dissenting).
On July 15, 2003, Harry Franklin Brun-ner (“the former husband”) and Beverly T. Brunner Ormsby (“the former wife”) were divorced by a judgment of the Cullman Circuit Court. The judgment, based on an agreement between the parties, provided, in part as follows:
“1. That the Husband shall pay to the Wife the sum of Two Thousand & No/100 Dollars ($2,000.00) per month as alimony in gross. ... The Husband’s obligation hereunder shall terminate upon the first to occur of the following events: the Husband is no longer a full-time active sitting Judge,[1] death of the Husband, or death of the Wife. It is the intention of the parties that this transfer not be taxed to the Wife or deductible by the Husband.”
The issue in this case is whether the above-described payments constitute a distribution of marital property and, specifically, constitute alimony in gross, or whether instead they must be considered periodic alimony. The resolution of this issue in turn controls the disposition of the former husband’s petition to terminate those payments in light of the former wife’s remarriage.[2]
In finding the payments to be alimony in gross, the trial court first stated that the parties “clearly designated the award as alimony in gross.” Labels applied by the parties or by the trial court, however, are not dispositive; it is the true nature of the obligation that matters. “The substance of the award takes precedence over the form or label.” Kenchel v. Kenchel, 440 So.2d 567, 569 (Ala.Civ.App.1983). “[T]he labels provided in a judgment are not controlling on the question of the true nature of the obligation.” Anderson v. Anderson, 686 So.2d 320, 324 (Ala.Civ.App.1996). It is “the effect of the [judgment]” that determines what it is that has been prescribed by that judgment:
“ ‘The allowance in the case at bar will be considered and construed in accordance with its substance and not its mere form. If, when so considered, the effect of the decree rendered was not that of a division of property, but of an allowance of alimony payable by installments for the support of the wife and children, it may be modified.’ ”
DuBoise v. DuBoise, 275 Ala. 220, 228, 153 So.2d 778, 785 (1963) (quoting Sullivan v. Sullivan, 215 Ala. 627, 629, 111 So. 911, 912 (1927) (emphasis added)).
The trial court also relied upon its finding that it was “the intent of the parties ... to establish alimony in gross.” As to this finding, I first would note that it is the legal effect of the judgment of divorce that is at issue. The parties’ agreement was merged into that judgment and thereupon lost its contractual nature. Ex parte Owens, 668 So.2d 545 (Ala.1995); see generally Bass v. Bass, 434 So.2d 280, 281 (Ala.Civ.App.1983) (“[t]he [trial] court is not bound by an agreement of the parties in *26 contemplation of a divorce,” but may accept or reject the agreement in whole or in part).
Second, it may be true that the trial court intended to effect a property division; that, however, does not mean that it succeeded in doing so. It may be that, because of error or misunderstanding as to the fundamental characteristics of alimony in gross, or for whatever reason, the divorce judgment simply creates a payment obligation that by its nature is not a division of the parties’ property. If so, that obligation cannot be made into something it is not. As noted, an allowance must be “considered and construed in accordance with its substance”; what matters is whether “the effect of the decree rendered” was of an award of periodic alimony for maintenance and support or an allocation of the property of the marital estate. What must be assessed is the fundamental character of that which is created in the divorce judgment.
In LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867 (1958), a case cited in the petition before us, we find the following exposition, which begins with a quotation from Justice Somerville’s opinion in Smith v. Rogers, 215 Ala. 581, 583, 112 So. 190, 192 (1927):
“ ‘But, on principle, there is no escape from the conclusion that a decree for alimony in gross,- if without reservation,[3] becomes a vested right from the date of its rendition and, survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife’s future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband’s homestead and other estate, given to her by statute in case of her survival. The decree therefore has the effect of a final judgment for the payment of money, and is as binding upon the estate of the husband as upon himself while living.’
[[Image here]]
“... [I]n Borton v. Borton, 230 Ala. 630, 162 So. 529, 530, 101 A.L.R. 320 [ (1935) ], ... Justice Bouldin, speaking for the Court, made the following pertinent concise comment:
“ ‘In Epps v. Epps, 218 Ala. 667, 120 So. 150 [ (1929) ], the full court considered the nature and basis of a monthly allowance for future support of the wife. Being an allowance in lieu of the legal obligation of the husband to support the wife, payable, if need be, from the current earnings of the husband from time to time, it was decided that the court had inherent power to modify such decree in the future because of changed conditions, notwithstanding no reservation of future control was written in the decree.
“ ‘This has become the settled law of Alabama. The rule applies notwithstanding the decree was pursuant to an agreement of the parties. Worthington v. Worthington, 224 Ala. 237, 139 So. 334 [ (1932) ]; Ex parte Allen, 221 Ala. 393, 128 So. 801 [(1930)].
[[Image here]]
[[Image here]]
“As stated, the trial court in the instant case ruled that the decree of divorce which he had rendered almost *27 three years previously, in which there was the foregoing quoted provision, was in fact an award of alimony in gross and that, as such, the obligation of H. Powell Baker to pay to Emma Baker the amount as provided therein survived his death and became a charge against the estate. Although this conclusion teas stated as a finding of fact, it is manifest that it ivas in reality an exercise of judgment on a question of law and is therefore subject to review.”
LeMaistre, 268 Ala. at 296-98, 105 So.2d at 868-69 (emphasis added).
In Zinnerman v. Zinnerman, 803 So.2d 569, 574 (Ala.Civ.App.2001), the Court of Civil Appeals stated:
“ ‘ “ ‘Alimony in gross’ is the present value of the wife’s inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband’s present estate as it exists at the time of divorce.” ’ Murphy v. Murphy, 624 So.2d 620, 622 (Ala.Civ.App.1993), quoting Hager v. Hager 293 Ala. 47, 299 So.2d 743 (1974) (emphasis added [in Zinnerman ]).”
See also Johnson v. Johnson, 840 So.2d 909, 912 (Ala.Civ.App.2002) (confirming that alimony in gross is a form of property division and therefore by its nature must be payable out of the estate “as it exists at the time of the divorce ”); Epps v. Epps, 218 Ala. 667, 668, 120 So. 150, 151 (1929) (allowance of $100 per month was considered to be periodic alimony because it would be “equivalent to her share in quite a considerable estate” and, yet, “[t]he husband had no such estate”). In addition to compensation for the wife’s inchoate marital rights,
“an award in gross may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable. For this very reason ‘alimony in gross,’ which has come to represent a settlement of property rights, is often coupled with an award of periodic alimony.”
Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 749 (1974) (emphasis added).
The payments here hardly can be considered a division of the existing property of the former husband’s estate or of the marital estate. The continuation of then-payment by the former husband is tied to the former husband’s continuation of his employment and thus to income he has yet to earn.
In contrast, the law provides that the continuation of periodic alimony for the support and maintenance of the payee may be tied to the payor’s future income. See, e.g., Sharp v. Sharp, 230 Ala. 539, 161 So. 709 (1935). Here, by tying the former husband’s obligation to continue paying the alimony to his continued employment and earning a current income, the judgment did not, despite whatever intention the parties or the trial court might have had, succeed in dividing currently owned assets of the marital estate; instead, it succeeded in fashioning something that bears an essential earmark of periodic alimony.
In addition to not having the fundamental character of division of property, the payments at issue simply fail to meet the specific legal requirements that must be met to qualify as that subspecies of property division known as “alimony in gross.” Time and again our decisions have affirmed that to be considered alimony in gross, an award “must meet and satisfy two requirements, i.e., (1) the time of payment and the amount must be certain; [and] (2) the right to alimony must be vested.” Trammell v. Trammell, 523 So.2d 437, 439 (Ala.Civ.App.1988) (quoting Montgomery v. Montgomery, 275 Ala. 364, 366, 155 So.2d 317, 319 (1963)). In Ten- *28 Eyck v. TenEyck, 885 So.2d 146, 151-52 (Ala.Civ.App.2003), the Court of Civil Appeals summarized well the essential nature and the specific requirements of an award of alimony in gross, while contrasting the purpose and nature of periodic alimony:
“Alimony in gross is considered ‘compensation for the [recipient spouse’s] inchoate marital rights [and] ... may also represent a division of the fruits of the maniage where liquidation of a couple’s jointly owned assets is not practicable.’ Ex parte Hager, 293 Ala. [47,] 54, 299 So.2d [743,] 749 [ (1974) ]. An alimony-in-gross award ‘must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’ Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App.1986). It must also be payable out of the present estate of the paying spouse as it exists at the time of the divorce. Ex parte Hager, 293 Ala. at 55, 299 So.2d at 750. In other words, alimony in gross is a form of property settlement. Ex parte Hager, 293 Ala. at 54, 299 So.2d at 749. An alimony-in-gross award is generally not modifiable. Id.
“Periodic alimony, on the other hand, ‘is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].’ Ex parte Hager; 293 Ala. at 55, 299 So.2d at 750. Its purpose ‘is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.’ O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996) (emphasis added [in TenEyck ]). Periodic alimony is modifiable based upon changes in the parties’ financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse. See Tibbetts v. Tibbetts, 762 So.2d 856, 858 (Ala.Civ.App.1999).”
(All but last two emphases added.)
Here, the time of payment is not certain. The amount is not certain. The former wife’s entitlement to the payment is not vested inasmuch, as already noted, her entitlement is contingent upon how long the former husband might live and on how long the former husband continues to work as a judge. Moreover, it is clear that the award is tied to the future earnings of the former husband and, in any event, is not an award from the former husband’s estate or the marital estate as it existed at the time of the divorce. In short, the award simply does not have the fundamental character of a property division or satisfy the specific legal requirements for alimony in gross.[4]
Although the former wife here may have given up a claim to certain of the former husband’s retirement benefits in exchange for the payments at issue, nothing prevents a spouse from negotiating a release of the right to a share of property to which he or she might otherwise be entitled in return for a larger periodic-alimony payment. See generally Dodd v. Dodd, 669 So.2d 915, 916 (Ala.Civ.App.1995) (noting that we consider periodic alimony and *29 property division together in deciding the equity of an award). Also, it is true that the parties stated in their agreement that the payments would not be taxable to the former wife nor deductible by the former husband. Again, this may have been part of the negotiated give and take of the parties. It does not, however, change the objective fact that the payments do not satisfy the well established, objective criteria for alimony in gross. It is those criteria, as well as the above-discussed criteria for periodic alimony, that determine under the law whether a payment constitutes alimony in gross or periodic alimony. And it is whether the payment constitutes alimony in gross or periodic alimony that determines how the payment will be taxed, not vice versa.[5]
The Court of Civil Appeals relied upon Hager v. Hager, supra, pointing out that the fact that the payments in that case were to end upon the death of the payee did not prevent those payments from being deemed alimony in gross. Hager is distinguishable.
Even alimony in gross has its roots in the desire of the law that a divorcée be able to support herself and not be left destitute. See Hager, 293 Ala. at 49-53, 299 So.2d at 745-48 (discussing the common-law roots of alimony, both “in gross” and “periodic”). Thus, although the cessation of alimony payments upon a payee’s death would appear to be in tension with the modern day understanding that alimony in gross is a vested share of the property of the marital property, the provision in Hager for the termination of alimony payments upon the death of the payee can at least be considered as consistent with those roots. Termination of payments upon the payor’s death, on the other hand, is not consistent with those roots. Of course, the termination of the right to payments upon the payee’s death also conflicts with the legal requirement for alimony in gross that the right to the payments be “vested.” See Trammell, 523 So.2d at 439 (noting that, in addition to other factors, “[t]he language [of the judgment providing for termination of a monthly payment obligation upon the death of the payor husband] clearly indicates no intention for the estate of the husband to be bound in the event of his death. Thus, the right is not vested.”). Indeed, the decision in Hager itself was based upon a distinction between a termination of payments upon the death of the payee wife and termination upon the death of the payor husband: “We ... must reject the Court of Civil Appeals’ reasoning that because an award of alimony in gross survives against the husband it must also survive in favor• of the wife if it is to be unmodifiable.” 293 Ala. at 55, 299 So.2d at 750.
The Court of Civil Appeals also seeks support for its holding in the case of Stockbridge v. Reeves, 640 So.2d 947 (Ala.Civ.App.1994). In Stockbridge, the divorce judgment provided that the husband “ ‘shall assign to the wife [his] military retirement pension income to the maximum extent allowed by law, and shall cause the remainder to be paid directly to the wife.’” 640 So.2d at 947. The payments were to terminate “ ‘upon the husband’s death, the wife’s death, or upon the termination of the military retirement pension income benefit for whatever reason beyond the husband’s control.’ ” Id. The Court of Civil Appeals held that the payments constituted an award of property, rather than periodic alimony.
*30 The payments at issue here clearly contrast with those in Stockbridge in that the payments here are to be made only to the extent the former husband earns new, future income from a specified job. The award in Stockbridge was of a pension that already had been earned, that already was vested in the former husband as a property right, and that by its very nature constituted existing property of the estate. E.g., Wilkinson v. Wilkinson, 905 So.2d 1, 9-10 n. 2 and accompanying text (Ala.Civ.App.2004) (Yates, P.J., surveying cases and concurring in the result). A judgment providing that the former wife would receive that pension as it is paid out over a period of years is nothing more than an award of the vested property right represented by that pension. It is a fundamentally different thing than awarding payments to a wife tied to certain future earnings of the payor. Indeed, the payments in Stockbridge were not even referred to by the court as alimony in gross, which they clearly were not, but rather as simply a “property settlement.” 640 So.2d at 948.
In Kelley v. State Department of Revenue, 796 So.2d 1114 (Ala.Civ.App.2000), the Court of Civil Appeals addressed a payment obligation on the part of a former husband that was linked, not to the receipt of vested retirement benefits as in Stock-bridge, but, like the present case, to the payor’s continued employment with the State of Alabama and thus to his future earnings from that job. Specifically, the judgment provided:
“ ‘as part of the property settlement, the Wife shall be entitled to W% of the net salary of the Husband as Director of Game, Fish and Natural Resources Division (or any other position [with the State of Alabama or the federal government] ), ... until the retirement of the husband.’ ”
796 So.2d at 1116-17 (emphasis added). Utilizing reasoning that could just as easily be applied to the present case, the court stated:
“This court has held that in order for an award in a divorce judgment to be considered a property settlement, the following two requirements must be met: (1) the amount and time of payment must be certain; and (2) the right to it must be vested and not subject to modification. Daniels v. Daniels, 599 So.2d 1208, 1209 (Ala.Civ.App.1992); Thomas v. Thomas, 392 So.2d 233 (Ala.Civ.App.1980). This court has further stated:
“ ‘ “[Ljabels provided in a judgment are not controlling on the question of the true nature of the obligation. In order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. 11 U.S.C.A. § 727(b); Segers v. Segers, 655 So.2d 1014 (Ala.Civ.App.1995).’”
[[Image here]]
“‘A decree providing for monthly payments ..., to run indefinitely, implies an alloivaoice for support and maintenance to be met by the husband from his income or earnings, if need be.’
“Laminack v. Laminack, 675 So.2d 479, 482 (Ala.Civ.App.1996) (quoting Hager v. Hager, 293 Ala. 47, 53, 299 So.2d 743, 749 (1974) (distinguishing between periodic alimony and alimony in gross)).
“Based upon the caselaw cited above, we must disagree with the wife’s assertion that the award of 40% of the husband’s income is in the nature of a property settlement rather than in the nature of alimony. The award is for no definite amount, because the amount of the husband’s income may change and *31 there is no specific number of years for which the husband must make such payments. The amount and the time of payment is not certain. Thus, we conclude that under Alabama law, the award is an award of periodic alimony.”
796 So.2d at 1117-18 (emphasis added) (also noting that “the husband’s obligation to pay the wife 40% of his salary from his ‘present employment’ would end upon his death ....” 796 So.2d at 1117.)
Hard facts can make bad law.[6] In an effort to reach a just result in a case with hard facts, I believe the opinion of the court below fails to apply, and to some degree erodes, the well established, fundamental principles under Alabama law that define an award of property — and the well established, essential legal requirements for payments to qualify as alimony in gross. The payments at issue are not payable out of the existing property of the former husband’s estate or the marital estate; the time of their payment and their total amount is uncertain; and the former wife’s right to receive them is not vested. They do not constitute an award of property generally, nor an award of alimony in gross in particular.
Unlike the majority of this Court today, I believe the petition before us asserts viable grounds for review by this Court. See Rule 39, Ala. RApp. P. I therefore am compelled to dissent from the majority’s decision to deny the writ.
SEE and BOLIN, JJ., concur.

. The former husband was, at the time of the entry of the divorce judgment, and is currently, a circuit judge.

. Section 30-2-55, Ala.Code 1975, provides that "periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried ...."

. It is now well settled that, following an award of alimony in gross, the trial court loses jurisdiction to modify the award. See Trammell v. Trammell, 523 So.2d 437, 439 (Ala.Civ.App.1988); Banks v. Banks, 336 So.2d 1365, 1367 (Ala.Civ.App.1976).

. "In no sense can it be said that the alimony provision considered here was either certain in amount or time of payment. True, the amount was set at $300 per month, but the full amount to be eventually paid depended upon the duration of the payments, which was limited in time only by the death or remarriage of the appellee. Such a limitation cannot be termed certain with respect to a particular time.”
LeMaistre, 268 Ala. at 298, 105 So.2d at 870.

. Further, neither an agreement as to how payments are to be taxed nor the designation given those payments by the court in the original divorce case, or for that matter by the court in the present case, is binding upon the taxing authority. See, e.g., White v. United States, 550 F.Supp. 96 (M.D.Ala.1982).

. The trial court apparently was not presented in this case with the issue whether some form of estoppel should thwart the former husband's petition to terminate the alimony award. Nor was it presented the issue whether, even if the payments in question were periodic-alimony payments for support and maintenance of the former wife, they nonetheless were part of a so-called “integrated bargain” and thus not modifiable except with the consent of both parties. See DuValle v. DuValle, 348 So.2d 1067 (Ala.Civ.App.1977).