2022 IL App (1st) 211650

No. 1-21-1650

Opinion filed: December 16, 2022

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |
|---|---|
| *In re* MARRIAGE OF | ) Appeal from the Circuit Court |
|  | ) of Cook County, Illinois County |
|  | ) Department, Domestic |
| SOFIA PATEL, | ) Relations Division |
|  | ) |
| Petitioner-Appellee, | ) No. 2019 D 6716 |
|  | ) |
| and | ) The Honorable |
|  | ) Abbey Fishman Romanek |
| ATIK PATEL, | ) Judge Presiding. |
|  | ) |
| Respondent-Appellant. | ) |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner-appellee, Sofia Patel, filed a petition to dissolve her marriage to respondent-appellant, Atik Patel, on August 5, 2019. The trial court entered the judgment for dissolution of marriage on July 22, 2021, and the court ordered Atik to pay maintenance and child support. In October 2021, Atik asked the trial court to reduce his maintenance and child support obligation, and he arranged the sale of a property assigned to him pursuant to the dissolution judgment. In November 2021, the trial court granted Sofia's motion to escrow the proceeds from the sale of the

real estate awarded to Atik. Atik appeals, arguing the trial court erred by (1) issuing a prejudgment attachment over Atik's separate property and (2) failing to conduct an evidentiary hearing and making no findings necessary to sustain a request for injunctive relief.

¶ 2    We find that the trial court did not abuse its discretion when it granted the motion to escrow the proceeds. Accordingly, we affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    Sofia and Atik married in 1996 and had two children: a daughter, Mehreen, born in 2004, and a son, Zaid, born in 2009. Sofia filed for dissolution of marriage in 2019. The judgment was entered on July 22, 2021.

¶ 5    Atik was employed as a senior developer at Financial Industry Regulatory Authority, earning an income of approximately $140,000. Sofia was employed as a stylist in 2019 and 2020, earning an income of approximately $40,000.

¶ 6    In the judgment for dissolution of marriage, the trial court ordered Atik to pay maintenance in the amount of $1599 and child support in the amount of $1284 per month. The child-related contributions toward health insurance were $351 per month, and the amount toward dental and vision for Sofia and the two minor children was $80 per month. Atik was also ordered to pay Sofia, within 90 days of the entry of the judgment, $5000 for Sofia's share of financial accounts.

¶ 7    During the parties' marriage, they acquired the following real properties: (1) 7011 Lorel Avenue, Skokie, Illinois, valued at $303,053.47; (2) 1603 North Windsor Drive, Unit 101, Arlington Heights, Illinois, valued at $146,230.07; and (3) 2315 Silverstone Drive, Unit 23-8, Carpentersville, Illinois, valued at $62,967.07.

¶ 8    Based on the factors set forth in section 503 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/503 (West 2020)), the trial court awarded 58% of the parties' real

property and equity to Sophia and 42% to Atik. Sofia was awarded the real property located at 7011 Lorel Avenue, Skokie, Illinois. Atik was awarded the real property located at 1603 North Windsor Drive, Unit 101, Arlington Heights, Illinois. Atik was also awarded the real property located at 2315 Silverstone Drive, Unit 23-8, Carpentersville, Illinois (Carpentersville property).

¶ 9    On October 13, 2021, Atik filed a motion to reduce and/or abate child support, maintenance, and contribution of fees for the minor children. Atik alleged that because he was terminated from his job on October 5, 2021, he was "without any income and unable to meet the court ordered financial obligations." Sofia filed a response to Atik's motion to reduce and/or abate child support. The trial court has not ruled upon the motion.

¶ 10    On November 18, 2021, Sofia filed a motion for escrow of proceeds from the sale of the Carpentersville property. She claimed that Atik had failed to make any obligated support payments for October and November 2021. Sofia further claimed Atik owed significant outstanding financial liabilities, including the court ordered obligations and the $5000 for Sofia's share of financial accounts.

¶ 11    On November 18, 2021, Sofia filed a motion to establish a child support trust using the proceeds from the sale of the Carpentersville property. She asked to withdraw $1284 per month for the child support. The trial court ordered Atik to respond to Sophia's motion within 45 days, and the matter was set for hearing on March 14, 2022, at 11 a.m. via Zoom.

¶ 12    On December 1, 2021, Sofia filed an "emergency motion for escrow of proceeds from sale of real estate." She claimed the sale of the Carpentersville property could happen as early as December, and the proceeds may be the only funds available to satisfy Atik's pending financial obligations. Sofia also claimed that Atik has a history of withdrawing funds and encumbering

them. Atik received a disbursement of nearly $40,000, and the disbursement was not used to pay toward court ordered obligations.

¶ 13    On December 10, 2021, the trial court found Sofia's motion was not an emergency and ordered Atik to disclose, within 24 hours, the Carpentersville property's closing date.

¶ 14    Sofia filed a second emergency motion for escrow of proceeds from sale of the Carpentersville property. The trial court found that the closing date was set for December 23, 2021, and Sofia had "a Petition for Rule (failure to pay child support), Petition to Establish Child Support Trust, and Petition for Interim/Prospective Fees pending." The court also found "that the issues brought forth in [Sofia's] petition are urgent, [and] [b]ased on counsel's argument regarding [Atik's] past conduct, [Atik] is difficult." Further, the trial court advised that it will be unavailable from December 17, 2021, to January 2, 2022.

¶ 15    The court entered the following order on December 17, 2021:

"1. Petitioner's Emergency Motion for Escrow of Proceeds from Sale of Real Estate is Granted.

2. Said Emergency Motion is granted over the objections of counsel for Respondent and argument from counsel for Respondent that same is not an emergency pursuant to Administrative Order 2021 D3 'Procedure to submit Emergency Motions.'

3. Respondent is not granted the opportunity to file a written response.

4. That any and all proceeds from the sale of Respondent's property, located at 2315 Silverstone Dr., Carpentersville, IL, shall be held in escrow with Rohan Law LLC, until further order of court.

5. Respondent is enjoined from dispersing, using or otherwise spending these funds.

6. These funds are being held pending resolution of the parties' unadjudicated claims containing in pending pleadings."

¶ 16    Atik now appeals the trial court's order.

¶ 17                                    II. ANALYSIS

¶ 18    Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) gives this court jurisdiction over the appeal, as the trial court's order functions as a preliminary injunction. See *Hensley Construction, LLC v. Pulte Home Corp.*, 399 Ill. App. 3d 184, 190 (2010).

¶ 19    As an initial matter, we note that Sophia did not file a brief in this appeal, and on April 22, 2022, we entered an order taking the case for consideration on the record and the appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33, (1976). A reviewing court will not serve as the advocate for an appellee who does not file a brief. *First National Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395 (2008). Nonetheless, the appellate court should decide the appeal on the merits where the record is simple, and the claimed error can be decided without the aid of an appellee brief. See *First Capitol Mortgage Corp.*, 63 Ill. 2d at 131-33 (explaining the resolution of appeals in cases where the appellee has failed to file a brief).

¶ 20    On appeal, Atik argues the trial court erred by (1) issuing a prejudgment attachment over Atik's separate property and (2) failing to conduct an evidentiary hearing and making no findings necessary to sustain a request for injunctive relief. Atik specifically argues that the trial court ordered "an impermissible prejudgment attachment" based on the pendency of Sofia's unadjudicated claims when it enjoined the sale proceeds to which Sofia has no legally cognizable

interest. Atik asserts that this court's review of the trial court injunctive relief is reviewed *de novo* because there was no evidentiary hearing.

¶ 21    Although no evidentiary hearing was held on Sophia's motion for injunctive relief, we reject Atik's suggestion that this court's review is *de novo*. In an interlocutory appeal, the scope of review is generally limited to an examination of whether the trial court abused its discretion in granting or refusing to grant the requested relief. *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996).

¶ 22    Atik argues that the trial court's escrow of proceeds to which Sofia has no legally cognizable interest is an impermissible injunction that "resembles a prejudgment attachment" of his property. He also asserts that the trial court erred when it enjoined the use of his funds to satisfy a potential claim, not yet reduced to judgment. We find Atik's argument without merit because the trial court's escrow of the proceeds from the sale of the property was not a prejudgment attachment.

¶ 23    The judgment for dissolution of marriage was entered on July 22, 2021, and pursuant to that judgment, Atik was ordered to pay maintenance in the amount of $1599 and child support in the amount of $1284 per month. The child-related contributions toward health insurance were $351 per month. Here, when the trial court ordered the injunctive relief, it did not issue a prejudgment attachment. Instead, the trial court was exercising its equitable power to protect the two minor children and their right to support. *Schade v. Schade*, 45 Ill. App. 3d 455, 458 (1977). Hence, the trial court may order an injunction of proceeds to prevent the dissipation of assets that may be used to satisfy court-ordered child support and maintenance.

¶ 24    Atik contends Sofia did not make the showing required for the preliminary injunction. The decision to grant or deny a preliminary injunction is within the sound discretion of the trial court. On review, the trial court's decision will not be disturbed unless the court has abused its discretion. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 371 (2001). The question for a reviewing court is

"whether there was a sufficient showing to sustain the order of the trial court." *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & Western Ry. Co.*, 195 Ill. 2d 356, 366 (2001). An abuse of discretion occurs when no reasonable person would adopt the trial court's view. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 25.

¶ 25    To grant preliminary injunctive relief, the trial court must find that "(1) the plaintiff has demonstrated a clearly ascertained right in need of protection; (2) irreparable injury will occur without the injunction; (3) no adequate remedy at law exists; and (4) there is a probability that the plaintiff will succeed on the merits of the case." *Village of Westmont v. Lenihan*, 301 Ill. App. 3d 1050, 1055 (1998). A preliminary injunction does not decide the merits of the case, but it preserves "the status quo with the least injury to the parties concerned." *Id.*

¶ 26    Sofia alleged Atik failed to pay court-ordered child support and maintenance for October and November 2021. Atik has not denied the allegation. Sofia has shown a right in need of protection. See *In re Marriage of Davenport*, 388 Ill. App. 3d 988, 991(2009).

¶ 27    Atik asserts that Sofia seeks only money and does not need an injunction because legal remedies will adequately protect her. However, Atik admitted he "is without any income and unable to meet his court ordered financial obligations." *Davenport* presents a similar situation. The *Davenport* court stated:

> "On the second criterion, irreparable harm to petitioner absent an injunction, respondent argues that a child support obligee has 'extensive legal remedies' for unpaid support and thus that an injunction was unnecessary. However, the purpose of the preliminary injunction was to prevent respondent from dissipating assets that could eventually provide for her legal remedy. For the same reason, we reject respondent's contention that the third criterion—the adequacy of legal remedies—

was not established because petitioner could recover the past-due support through legal remedies." *Id.* at 992.

See also *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 336 (2001).

¶ 28    When the trial court's order maintains the status quo, the court needs to find only "a fair question as to the existence of the right claimed and that the circumstances lead to a reasonable belief that the moving party will be entitled to the relief sought." *Lenihan*, 301 Ill. App. 3d at 1055. Sofia's allegation, supported by Atik's petition, that he failed to pay court-ordered child support and maintenance, creates at least a fair question of whether the court will find her entitled to the relief she seeks from the escrowed funds. Sofia met the four requirements for a preliminary injunction.

¶ 29    Finally, Atik contends the court violated his right to due process when it denied him leave to file a written response prior to ordering escrow. Atik had ample notice and opportunity to respond to Sofia's initial request for escrow, and Atik had already apprised the court of all relevant facts regarding his assets and income. He has not suggested what new arguments he would have raised if the court had allowed him to file a written response to the emergency motion for escrow. As the judge would be unavailable for two weeks beginning the day after the hearing on the motion for escrow, the parties lacked time for further written argument. Atik has not shown the court denied him due process. See *Davenport*, 388 Ill. App. 3d at 991.

¶ 30    We again note that Atik filed a motion to reduce and/or abate child support, maintenance, and contribution of fees for the minor children upon which the trial court had not ruled. On remand, we encourage the trial court to promptly rule upon that motion. We affirm the trial court's order with directions.

¶ 31                                III. CONCLUSION

¶ 32 The trial court did not abuse its discretion when it ordered an escrow of funds from the sale of property to prevent Atik from dissipating his assets to avoid paying court-ordered child support and maintenance. Accordingly, we affirm the trial court's order with directions.

¶ 33 Affirmed and remanded with directions.

---

### *In re Marriage of Patel*, 2022 IL App (1st) 211650

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2019-D-6716; the Hon. Abbey Fishman Romanek, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Matthew D. Elster, of Bermann LLP, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---